IOWA CITY v. FOSTER, *et al.*

1. OFFICERS OF MUNICIPAL CORPORATIONS: COMPENSATION. A town or
city is a public corporation, and the compensation of its officers may
be modified or changed by the department of the government, which
has power to create and control offices and officers.

| 10 | 189 |
|----|-----|
| 81 | 533 |

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 10.

THIS action is brought against Silas Foster and eleven
others, his sureties, on his official bond, as treasurer of Iowa
City. The breach alleged is the not accounting for moneys
which came into his hands as such treasurer.

A statement of facts is agreed upon, from which the fol-
lowing appears: Foster was elected treasurer at the April
election, A. D. 1857. The charter of the city (Acts of
1853, page 102 section 16,) enacted that the treasurer, re-
corder, &c., should give such bond, and perform such duties
as might be required of them by ordinance. By section 36,
the marshal was made collector of taxes. Under this char-
ter, ordinance No. 1 was passed, allowing to the treasurer
two per cent on all moneys received by him, and allowing
the marshal five per cent for collecting taxes; which ordi-
nance had not been repealed, when the amendment of the
charter next mentioned, was passed.

By an act of 29th January, 1857, (Acts 1857, page 435)
amending the charter, it was enacted, section 4, that "the
treasurer of the city should be the collector of taxes and
should give bond to the approval of the city council in such
sum as they might require ; *Provided,* that this section shall
not be construed to interfere with or change the duties of the
treasurer, and marshal during their present term of office."
Under this amendment, on the ——— day of —————,
1857, the city council passed a resolution . requiring the
treasurer to give a bond in the penal sum of $50,000, in ac-
cordance with which the said Foster gave the bond, which is

declared on in this actio , and which bears date, the 3d June, 1857, and is indorsed, "filed by the mayor, the 4th of June." No prior bond had been given by him.

The above act of January, 1857, amending the charter, did not provide for any fees or commissions to the treasurer for collecting the taxes.

On the 18th June, 1857, by an ordinance which took effect on the 30th June, the council provided that from and after the passage thereof, the treasurer should receive a salary of seven hundred dollars per annum in lieu of any fees or commissions before then allowed.

It is agreed that up to the time when the last above named ordinance took effect, Foster had collected taxes to the amount of $123.13, and had received, of other funds of the city, $7,860.51, being in all $7,983.64. That after the said ordinance went into effect, he received $39,219.79, of which $17,464.89 were taxes collected. This $39,219.79, with the above $7,983.64 added, makes an aggregate of $47,203.43. That he is entitled to credits to the amount of $44,790.82, leaving in his hands $2,412.61 subject to such compensation as he may be entitled to.

No provision is made by law for an office for the treasurer, nor for the payment for rent, fuel or light. But it is agreed that said Foster paid out for rent $60.00; for fuel and lights $15.00; and for a treasurer's sign $2.50, making $77.50.

The cause was tried by the court, and judgment was rendered in favor of the plaintiff, for the sum of sixteen hundred and thirty-two dollars and seventy-six cents. The defendants appeal. The errors assigned are : 1. In holding that Foster was not entitled to two per cent on all sums received by him as treasurer, and to five per cent on all sums collected, as collector : 2. In holding that the salary should not be computed by the law in force at the time of his election, and at the time he entered upon the discharge of his duties as treasurer and collector : 3. That the judgment was not warranted by the statement of facts submitted.

*Mackay & Bradley* for the appellants, contended that the defendant's salary should have been computed by the laws in force at the time of his election, the council having no power to change or reduce the fees and emoluments of the office during his term; that there was an implied if not an express contract, that he should receive said fees and emoluments during his term ; and that the exercise of such a power would be an infraction of the constitution, citing Constitution, article 1, section 21; *Pingrey* v. *Washburn*, 1 Aiken 264, 6 Green 112, 4 Wheat. 693; *Bailey* v. *New York*, 3 Hill. 539; *The People* v. *Purdy*, 4 Hill. 384, 2 Denis 238 and 607.

*Rush Clark* for the appellee, relied upon *Connor* v. *The Mayor, Aldermen, &c. of the City of New York*, 1 Seld. 285.

WOODWARD, J.—The principal question presented in the foregoing facts, is whether the council of Iowa City had the authority, the legal power, to change the compensation of the treasurer of that corporation, during the term of office for which he had been elected.   The answer to this question depends upon another, which is, whether he is a public officer, or an officer of a public corporation, or whether he is the officer of a private corporation.   That a town or city is a public corporation, there can be no doubt.   Nor can there be any that the office and the compensation of such officers are subject to the control of the body which creates or controls the office and the officer, such as the legislature, or the municipal council, or the like, according to the nature of the case.   The principle is that public officers, and the officers of public corporations, are created for the public benefit, and that they and their offices, duties and emoluments, are governed by considerations relating to the common good, and that there is nothing of the nature of *contract* pertaining to them, in the sense of the constitution.   This doctrine is found in the case of *Dartmouth College* v. *Woodward*, 4

Wheat. 518–539–540; *Allen* v. *McKeen*, 1 Sumn. 278–297–301; *Connor* v. *Mayor of New York*, 1 Selden 285–296; *Warner* v. *The People*, 2 Denio 272 and the cases cited in these.

The compensation to which Foster was entitled, therefore, was subject to the action of the local legislature or council of the city. The remaining question, then, is whether the finding of the court was correct under the facts stated.

The statement shows $2,412.61 remaining in Foster's hands, and a judgment for $1,632.76 was rendered against him, showing that he was allowed the sum of $179.85. But it does not appear of what particulars this sum consisted, or in other words, what charges were allowed to him. We think he should be credited with five per cent on all sums *collected* by him, and two per cent on all sums in his hands as treasurer, (including the money collected) up to the time when the salary was substituted for the fees or commissions, for he filled two offices, to each of which a certain commission was allowed. This would give him five per cent on $123.13 which is $6.15, and two per cent on $7,983.64, which is $159.67, making a total for these of $165.82.

The precise date of Foster's election, in April, is not given, and we assume it to have been early in that month. The ordinance creating the salary, took effect June 30th, so that the salary may be allowed him for nine months, which amounts to $525.00. This, with the previous $165.82 makes $690.82. This is less than the court allowed, but we find no probable combination of sums which make just the amount so credited to him. Giving him the $77.50 claimed for office rent, fuel and lights, brings it to $768.32, which is the nearest approach to the sum allowed in the judgment that we can find, and this still falls short. We assume, then, that this last charge was credited, and as the amount allowed was more than all these items, we do not perceive that there was any error against the defendant.

It is possible that the counsel did not intend to point to a supposed error in these details, but we have thought it

safer to examine them, as the costs of the action, at least, depend upon them.

The judgment of the District Court is affirmed.