*3 EQUITY: negligence: sale.*

---

## SLANE v. McCARROLL.

Tax Sale: PROPERTY OF SOLDIERS NOT EXEMPT FROM. Chapter 113, Laws of the Ninth General Assembly, and Chapter 11, Laws of the Extra Session of the same, did not exempt from assessment, levy, and sale for taxes, the property of volunteer soldiers while engaged in the service of the United States. A tax deed of such property, regular in form, will be sustained.

*Appeal from Warren District Court.*

TUESDAY, OCTOBER 27.

THIS action is brought to cancel and set aside a certain tax sale and deed, of the northeast quarter of section twenty-five

in township No. 76, north, of range No. 25, west, in Warren county, Iowa.

The cause was tried in the court below, by the first method in equity and a decree rendered dismissing plaintiff's petition, from which he appeals. The facts of the case are stated in the opinion.

*Bryan & Seevers*, for appellant.

*Todhunter & Williamson*, for appellee.

MILLER, J.—For the purposes of this appeal the following are the admitted facts of this case:

"1. That on the first day of May, 1855, the land in question was patented by the United States to B. F. Griffith.

2. That on the 21st day of July, 1864, said B. F. Griffith, conveyed the lands by warranty deed to the plaintiff.

3. That said Griffith and the plaintiff paid the taxes on said land from 1858 to 1871 inclusive, except those for the year 1863.

4. That the taxes on said land for 1863 were not paid, and were delinquent at the time the same was sold to the defendant.

5. That on the 13th day of October, 1864, the land was sold to the defendant for the delinquent taxes of 1863, with the taxes of 1858 added thereto.

6. That the notice of sale of the land for the taxes of 1863 did not name the place of sale.

7. That said land was not redeemed from said tax sale.

8. That said land was sold in separate forty acre tracts, and thus deeded to the defendant.

9. That the treasurer of Warren county, Iowa, executed and delivered to the defendant his tax deed to said lands, on the 14th day of October, 1867, which was duly filed for record, on the 19th day of the same month.

10. That said land was regularly assessed for taxes for the years 1858 and 1863.

11. That the said B. F. Griffith, on the — day of July, 1861, was a resident of Warren county, Iowa; that he was at that time mustered into the military service of the United

States, as a private soldier in Company D, First Regiment of Iowa Cavalry Volunteers; that he remained continually in said service until the 12th day of September, 1864, at which time he was honorably discharged, that he was absent from the State of Iowa, and in said service at the time the taxes of 1863 were assessed and levied on said land and that he was the owner thereof from May 1st, 1855, to July 21st 1864."

Upon the foregoing facts appellant's counsel insists that the land was not subject to assessment, levy, and sale for taxes. This position is based upon chapter 113, of the laws of the 9th General Assembly, and chapter 11, of the laws of the Extra Session of the same General Assembly, amendatory of the former.

The former act is entitled: "*An Act to exempt the property of Iowa Volunteers in the military service of the United States from levy or sale.*"

The first section provides: "That the individual property of every volunteer soldier from the State of Iowa, in the actual military service of the United States, and not above the rank of captain, shall be and is hereby declared exempt, during the time he shall be in said service, and two months thereafter, from levy or sale by virtue of any deed of trust, or mortgage of any description whatever, or under or by virtue of any execution, or order of sale issued on, or by virtue of any judgment or decree rendered, or to be hereafter rendered by any of the courts of this State."

Section two of chapter 11, above referred to, provides: "That any property of any such soldier now, or hereafter levied upon, or held by a writ of attachment, or by any other process issuing from the courts of this State, shall be released from any such levy or attachment, for the time named in the Act herein before mentioned."

The exemption of the property of the volunteer soldier as expressed in section one of chapter 113, above set out is "from levy or sale by virtue *of any deed of trust or mortgage of any description whatever*, or under or by virtue of any *execution, or order of sale*, issued on or by virtue of any *judgment or decree*, rendered or to be rendered by any of the courts of this State."

This language seems to be clear and unambiguous. It is not claimed that the latter clause of the statute above quoted would exempt the property of a soldier from sale for delinquent taxes. In other words, it is not pretended that the exemption from execution or order of sale upon a judgment or decree of court can be construed to exempt the property from taxes or sale therefor. Nor do we think the language exempting the property of soldiers, during their terms of service as such, from levy or sale under a deed of trust or mortgage, can be so extended as to prohibit the sale of such property for taxes. The soldier's property, by this provision, is declared exempt from " levy or sale under or by virtue of any deed of trust or mortgage *of any description . whatever.*"

· It is insisted that, without the words in italics, the language is broad enough to cover all liens created by instruments of any kind, and that the use of these words, " *òf any description whatever,*" will be without meaning or effect unless by construing the statute so as to exempt the property of the soldier from sale for any and all liens, including tax liens. But this position is not tenable. These words were intended, most clearly, to include deeds of trust and mortgages which were not so in form as well as those that were. It was intended to include a mortgage which was in form of an absolute conveyance, and also to extend to cases of vendors' liens, under contracts for the sale of lands. In a word, the statute, in the use of these words, exempted the property of the soldier from levy or sale under or by virtue of any deed of trust or mortgage, without respect to the form or mode of creation. To those implied by law as well as those expressly so stipulated.

. This seems to be the plain, natural meaning of the language. The language being explicit in respect to the exemptions included within its provisions, it implies a negative of that . which is not expressed. *Express unius est exclusio alterius. District Township of Dubuque v. The City of Dubuque,* 7 Iowa, 262, 276, and authorities cited.

And that it was the intention of the General Assembly, in the enactment of the above provision, that it was not to be

construed to include exemptions not within the plain and obvious meaning of the language used, is found in the subsequent enactment of chapter 11, of the same General Assembly, the second section of which is above set out. It is clear that it was not supposed that under the provisions of the former act, the property of soldiers was exempt from levy under and by virtue of a writ of attachment, and that the subsequent act was necessary to effect that object. Prior to the enactment of this latter provision, the property of the soldier, in the military service of the United States, was, notwithstanding chapter 113, before mentioned, subject to levy on attachment. By this provision, any such levy which had then been made or should thereafter be made, under a writ of attachment *or other process from the courts of the State*, during the term of the soldier's service, was released. It is manifest that this latter legislation was not intended to affect, in any respect whatever, the levy of taxes or the sale of property for taxes delinquent thereon.

This being the only question presented in the argument, the judgment of the District Court is

AFFIRMED.

## ON REHEARING.

COLE, J.—This case was decided at our December Term, 1872. Afterwards a petition for a rehearing was filed, and a reply thereto ordered, which has also been filed. We have re-examined the entire case, but find no way of escape from our former conclusion. It is not necessary to say more upon the case. The former opinion will be adhered to.

AFFIRMED.