## HOLMES v. LUCAS COUNTY.

1. **Sheriff:** SALARY OF: CONTRACT. The board of supervisors of a county may properly fix the salary of a sheriff at the beginning of his term, and when this is done the action of the board, and the rendering of services by the sheriff upon the faith of such action, constitute a contract binding upon the county.

2. ———: FEES ALLOWED THROUGH MISTAKE: RECOVERY FOR. The double payment by the county of fees and costs to a sheriff, through a mistake of the clerk in twice certifying to bills for the same services, is a mistake of fact upon the part of the board of supervisors, and the amount erroneously paid may be recovered.

3. **Practice in the Supreme Court:** ABSTRACT. Where an agreed abstract is filed by the parties to an appeal, an additional abstract afterward filed by one party contradicting the former one will not be considered.

*Appeal from Lucas District Court.*

FRIDAY, MARCH 19.

ACTION to recover for costs, fees and salary due plaintiff for services rendered as Sheriff of Lucas county. The plaintiff pleaded a counter-claim for illegal fees, and for fees more than once paid through mistake. The cause was submitted to the court without a jury, and judgment rendered for plaintiff for a part of his claim. Both parties appeal.

*Stuart Bros. & Bartholomew*, for plaintiff.

*Dungan & Crane*, for defendant.

BECK, J.—I. In an amended petition the plaintiff claims one hundred and ten dollars, the balance due him upon his salary for 1877, which was fixed by the board of supervisors at its January session of that year at $150. To this amended petition defendant demurred on the grounds: 1. That the supervisors had no authority to fix plaintiff's salary before he had performed the services per-

taining to the duties of his office for the year 1877. 2. That plaintiff accepted an allowance of fifty dollars as payment in full for his services. 3. The petition does not allege that the county has a population of 15,000, and therein fails to show that the supervisors had authority to allow plaintiff a salary of $150. 4. That the allowance of a salary is a matter in the discretion of the supervisors, and their action in the matter "was an *ex parte* proceeding to which the sheriff was in no sense a party." 5. That there is no consideration to support the action of the supervisors in fixing the salary as a contract." This demurrer was erroneously sustained.

II. The supervisors are authorized to fix the salary of the sheriff. Code, section 3789. But the statute does not prescribe when such action shall be had. It may be properly done before the sheriff performs the duties for which the salary is compensation, indeed that is the proper time for such action, that the officer may know what compensation he will receive before he performs the services. If the compensation allowed should be inadequate, he would have the right to resign the office, and he might choose to exercise that right. The allowance of the salary at the commencement of the officer's term is demanded by fair dealing.

III. The petition does not show that plaintiff accepted the sum of fifty dollars, or any other sum, in payment for his services. It shows that sum was paid upon his salary. The second ground of the demurrer is not based upon facts pleaded.

IV. The statute (Code, section 3789), authorizes the supervisors to allow to the sheriff, in addition to his fees, when the county has a population of not less than 10,000, *not less* than fifty dollars, and when it has a population of 15,000 *not less* than $150. Defendant's counsel insist that, as it is not alleged the county has 15,000 population, and it in fact has but 10,000, the supervisors might have allowed him any sum within their discretion, and that they could not intelligently exercise their discretion before the officer rendered the services. But this does not meet the fourth point of the demurrer, which

counsel intend it to support. Upon counsel's own statement the action of the board in fixing the salary at $150 is authorized by law. The population of the county is 10,000; the supervisors may fix the salary at not less than fifty dollars; they may allow more.

V. The fourth and fifth grounds of the demurrer may be considered together. The action of the supervisors in fixing the salary, and the rendering of the services upon the faith of such action, constituted a contract to which the sheriff was a party. The consideration therefor, flowing from plaintiff, is found in the performance of the services. The county cannot set aside and disregard the contract.

We conclude that the District Court erred in sustaining the demurrer, and the judgment is, therefore, reversed upon plaintiff's appeal.

VI. The answer of defendant alleges that a part of the fees and costs paid to plaintiff, which defendant seeks to recover upon his counter-claim, had been more than once paid to plaintiff through oversight and mistake. A demurrer to the answer pleading the counter-claim, on the ground that the payments were voluntarily made, without fraud or mistake of facts, was sustained. The answer shows that double, and in one instance treble, payments were made through the mistake of the clerk of the court, in twice and thrice certifying to bills for the same services. The board in acting upon these bills were mistaken as to the facts, being misled by the mistaken certificates of the clerk. The amounts so mistakenly paid may be recovered. The court, therefore, erred in sustaining the demurrer as to those items. The judgment is reversed upon defendant's appeal.

*2. ——: fees allowed through mistake: recovery of.*

VI. The case is submitted to us upon an agreed abstract. The plaintiff files an amended abstract, setting out affidavits showing the judgment to be different from that contained in the abstract. It ought to be well understood that the record of a cause cannot be

*3. PRACTICE in the supreme court: abstract.*

contradicted in this way, for we have time and again so ruled. And besides this, the abstract is agreed upon by counsel. The case must be submitted upon the abstract as presented by the agreement of counsel. The amended abstract, therefore, has not been considered by us.

Although the abstract is brief, yet its contents are presented in such a confused manner that it required much time and patience to discover the real facts and merits of the case. Counsel may now be advised that, if the case is brought here again, they may probably fail to have it considered until they present an abstract properly prepared. This warning may be considered as directed to counsel in all cases presented in a like manner.

The costs of this court will be equally paid by each party. The costs of the trial in the court below will be taxed against the party making them.

REVERSED ON BOTH APPEALS.