LOYAL E. KNAPPEN, RELATOR v. THE BOARD OF SUPER-
VISORS OF BARRY COUNTY.

*Right of board of supervisors to reduce salary of prosecuting attorney.*

Comp. L., § 535 empowered boards of supervisors to fix the compensa-
tion of the prosecuting attorney from time to time.   Act 154 of 1879
provided that annual salaries should be fixed by the board on or
before the 31st of October, before the officers' terms began, and
should not be changed during the term.   *Held,* that this would not
prevent a board which had fixed a salary before Act 154 was passed,
from changing it for the second year of the prosecuting attorney's
term.   Such a construction does not make the act retrospective.

The act of a board of supervisors in fixing the salary of a prosecuting
attorney does not constitute a contract between the latter and the
county; and where the Constitution does not prevent, the legislature
can authorize the board to change the salary so far as it has not
already been earned, even though a part of the official duties are
duties to the state.

MANDAMUS.   Submitted April 6.   Denied April 13.

*Loyal E. Knappen* and *C. M. Knappen* for relator.   A
board of supervisors which has once legitimately exercised
its authority to fix a salary for a definite period has exhausted
its power and it cannot act upon the matter afterward:
*People v. Supervisors* 35 Barb. 408; *People v. Ames* 19
How. Pr. 551; *Supervisor v. Birdsall* 4 Wend. 455; *Super-
visors v. Briggs* 2 Den. 26; *Chase v. Saratoga* 33 Barb.
603; *Smith v. New York* 1 Hun 56; *Arthur v. Adam*
49 Miss. 404; the board is required to fix the salary of the
prosecuting attorney: *People v. Macomb Supervisors* 3
Mich. 479; as to *status* of district attorneys as state officers,
see *Fellows v. New York* 8 Hun 484; as to contract rela-
tions binding a county, see *McDaniel v. Yuba* 14 Cal. 444.

*Sweezey, Niskern & Sweezey* for respondent.   The board
of supervisors has exclusive authority to fix the salary of the
prosecuting attorney:   Const. Art. x, § 10; *People v.*

*Macomb Supervisors* 3 Mich. 475; *People v. Wayne Auditors* 13 Mich. 233; it may act within its jurisdiction as the Legislature acts for the State: *Hotchkiss v. Supervisors* 65 N. Y. 225; ordinances fixing salaries are not contracts with the officers: *Baker v. Pittsburgh* 4 Penn. St. 49; *Conner v. Mayor* 5 N. Y. 285; *Madison v. Kelso* 32 Ind. 79; a municipal corporation, unless restrained by the charter, or unless the employment is in the nature of contract, may reduce or otherwise regulate the salaries and fees of officers: 1 Dill. Mun. Corp. § 170; *Warner v. County* 2 Den. 272; *Smith v. County* 2 Pars. (Pa.) 292; *Iowa City v. Foster* 10 Ia. 189.

COOLEY, J.    The relator was prosecuting attorney for the county of Barry, for the years 1879 and 1880, having been elected at the general election of 1878. At the October session of the board of supervisors for the year 1878 the salary of this office was fixed at seven hundred dollars. This was done under section 535 of the Compiled Laws, which provided that " the prosecuting attorneys shall severally receive such compensation for their services as the board of supervisors of the proper county shall, by an annual salary or otherwise, from time to time, order and direct." In their action the board did not declare the length of time the salary should stand thus fixed, but it had been customary to fix it annually.

In 1879 the Legislature enacted " That the annual salaries of all salaried county officers, which are now or may be hereafter by law fixed by the board of supervisors, shall be fixed by said board on or before the 31st day of October prior to the commencement of the term of such officers, and the same shall not be increased or diminished during the term for which such officers shall have been elected or appointed." Pub. Acts, 1879, p. 148. If this act was applicable to the cases of those then in office, it would not have been competent for the board again to fix the salary for the office in question previous to their October session, 1880. The board nevertheless, in October, 1879, assumed to act upon the subject and to increase the salary by $100, but at an adjourned

meeting in January this action was rescinded. The questions arising on this application are: *First*, whether the board had any power to act upon the subject in 1879, and if so, then *second*, whether the action taken in that year was not conclusive.

It is insisted on behalf of the relator that the act of 1879 was not intended to apply to the cases of incumbents, but was plainly meant for the cases of subsequent appointments and elections, and that its operation is retrospective if applied otherwise. Reliance is then placed upon the general principle that statutes shall not be given a retrospective operation unless their terms plainly require it: *Harrison v. Metz* 17 Mich. 377; *Clark v. Hall* 19 Mich. 356. But we do not think the act of 1879, if applied to the case, is in any sense retrospective. The salary was then fixed only for the time being, and the board at discretion might change it; and the only effect of the statute would be to take away the power to fix "from time to time" and require it to be done once for all, for the whole term. There is no doubt whatever of the power of the Legislature to do this. The fixing of a salary does not constitute a contract between the county and its officer; and the legislative authority is ample so far as salary is not already earned by the performance of services, except when otherwise provided by the Constitution: *Butler v. Pennsylvania* 10 How. 402, 416; *Conner v. New York* 2 Sandf. 355, 369; s. o. 5 N. Y. 285. Nor does it make any difference that a part of the duties of the office are duties to the State rather than to the county; the county authority having been given full power in respect to compensation.

We are of opinion that the Legislature intended the act to apply at once, as soon as it should become a law. No doubt it is open to a different construction, but this seems to us the one that is most natural, and there is no impolicy and no injustice in the act thus applied that should make us hesitate in accepting it.

The conclusion is that the writ prayed for must be denied.

The other Justices concurred.