### PEOPLE *ex rel.* SMITH *v.* COMMISSIONERS OF POLICE *et al.*

*(Supreme Court, General Term, Second Department.* February 12, 1890.)

COUNTIES—POWERS OF POLICE BOARD—SALARIES OF POLICEMEN.

Laws N. Y. April 28, 1870, c. 497, § 4, provides that the police board of Richmon county shall have power to organize a police force, and appoint officers. "Thd salary and compensation to be paid to the members of said police force and its officers shall be determined by said board of commissioners, and shall in no cases exceed the salary which was established by law for like officers and services in the metropolitan police department." *Held,* that the power to fix the compensation was continuous, and might be exercised at any time, and that an officer so appointed sustained no such contractual relation to the board as would deprive it of the power to reduce his salary.

Appeal from special term, Richmond county.

Application for *mandamus* by George W. Smith against the board of commissioners of police for the county of Richmond and others, to compel the payment of a certain sum alleged to be due to relator for salary as police officer, under Laws N. Y. April 28, 1870, c. 497, § 4. From an order overruling the demurrer to the return, and from the judgment thereon, relator now appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Franklin & Clifford A. H. Bartlett,* (*Clifford A. H. Bartlett,* of counsel,) for relator. *John Croak,* for respondents.

DYKMAN, J. The question involved in this appeal has relation to the power and authority of the board of police commissioners of Richmond county to make changes in the salaries of the members of the police force of that county after such salaries were determined in the first instance. The section of the law which controls the decision is this: "Sec. 4. The board of commissioners

shall have the power to organize said police force in such manner and appoint such officers as they may deem for the best interest of said county, and the salary and compensation to be paid to the members of said police force and its officers shall be determined by said board of commissioners, and shall in no case exceed the salary which was established by law for like officers and services in the metropolitan police department." This section leaves the salary and compensation of the members of the police force subject to the determination, decision, or judgment of the board of commissioners, and such power was continuous and unlimited in point of time, and might be exercised, in the discretion of the board, at any time. The legislature left the salary indefinite, after fixing the maximum, and delegating to the board the power to determine the same in its discretion. The authority so delegated is continuous and unlimited, and to be exerted from time to time as circumstances required. This is not a case where a single exercise of power delegated to a board or persons exhausts the power, and becomes final. This relator sustained no contractual relation with the police board, and his appointment as a police officer furnished him no right to an unchanged salary. He accepted the appointment subject to the power of the legislature to diminish his salary, and, that power having been delegated to the police board, its exercise by that board was equivalent to legislative action. The judgment and order appealed from should both be affirmed, without costs on the appeal from the order, and with costs on the appeal from the judgment.