STATE OF NORTH DAKOTA, ON THE RELATION OF JOHN J. NEDRELOE, as Sheriff of Ward County, North Dakota v. R. W. KENNARD, as Auditor of Ward County, North Dakota.

(166 N. W. 514.)

**Sheriff — salary of — population of county — regulated by — according to last preceding census — state or Federal — increase in salary — begins after such census reported — applies to a present incumbent.**

Under the provisions of § 3520 of the Compiled Laws of 1913, as amended by § 6, chapter 112, of the Laws of 1915, which provides "that the salary of the sheriff shall be regulated by the population in his county according to the last preceding official state or Federal census," the increase in salary commences at the beginning of the year after that in which a census is reported, and applies to a present incumbent of the office.

Opinion filed January 24, 1918.

Mandamus to compel the delivery of a salary warrant.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Judgment for plaintiff. Defendant appeals.

Affirmed.

*O. B. Herigstad,* State's Attorney, and *R. A. Nestos,* Assistant State's Attorney, for appellant.

The sheriff's salary is regulated by the population of his county as last officially reported by the state or Federal census, and any change resulting should not take effect during the term of a present incumbent. Comp. Laws 1913, § 3520; Sess. Laws 1915, chap. 112.

*Bosard & Twiford,* for respondent.

Under the old law the sheriff received the fees in both civil and criminal actions, while under the new law these go into the funds of his

STATE, NEDRELOE v. KENNARD

county, and for all services he receives a fixed salary regulated by the last official state or Federal census, and such salary begins at once upon the official report of such census even though this occurs during his term of office. Comp. Laws 1913, § 3520.

BRUCE, Ch. J.   This is an appeal from a judgment for a mandamus directing the defendant to deliver to the plaintiff a warrant for the sum of $475 which is claimed to be due as an unpaid portion of the salary of the plaintiff as sheriff for the period between the 1st day of June, 1915, and the 1st day of January, 1917.

The case involves the construction of § 3520 of the Compiled Laws of 1913 as amended or rather re-enacted by § 6 of chapter 112 of the Laws of 1915, and which originally read as follows: "The salary of the sheriff *shall be regulated* by the population in his county according to the last preceding official state or Federal census as follows: provided that no sheriff shall receive more than $1,500 for his personal services in any one year in counties having a population of less than $5,000 . . . $2,700 in counties having a population of 25,000 and not exceeding 26,000 . . . $3,000 in counties having a population of 28,000 and not exceeding 29,000, etc."

Section 3514 allows for the collection of fees, but these are required to be turned into the public treasury, and § 3520 must be construed as automatically fixing the salaries according to the census, from $1,600 up to $3,500, according to such population.

The plaintiff entered into his office on the 1st day of January, 1915. At that time the population of Ward county was, according to the last census, between 25,000 and 26,000, and under the provision of § 3520 the salary was automatically fixed at $2,700 a year. The new census was reported to the county auditor on June 1, 1915, which showed a population in excess of 28,000, and this population would, under the provision of § 3520, have entitled the plaintiff to a salary of $3,000 a year. The only question to be determined by us is whether the increase in salary, from $2,700 to $3,000, took effect immediately upon the report of a new census, or at the beginning of the new year, or not until the beginning of the new term of office.

We are satisfied that the beginning of a new term of office was not necessary. Although the office of sheriff is a constitutional office, the

Constitution also provides that the legislative assembly "shall prescribe the duties and compensation of all county, township, and district officers." See § 173, N. D. Const.

This, § 3520 of the Compiled Laws of 1913 does. It, however, requires no meeting of the board of county commissioners or of any other body, but provides for the automatic *regulation* of the salary, according to the last preceding official state or Federal census. We are of the opinion that this section becomes effective as soon as the census is reported. We are satisfied, however, that as the section throughout seems to contemplate an annual salary, that the increase will in no event begin until the beginning of the new year, and this the trial court held.

Nor do we believe, with counsel for the appellant, that the plaintiff's right to recover an increase of salary from the beginning of the new year was affected by § 8 of chapter 112 of the Laws of 1915, which repealed § 3520 of the Compiled Laws of 1913. Although, indeed, this prior section was repealed, it was at the same time re-enacted, and, as far as the plaintiff is concerned, in identically the same form as before with the exception that the salary for a population of 28,000 is $2,900 rather than $3,000.

Counsel for appellant, indeed, bases his contention upon but one phrase of the act. Although § 8 of chapter 112 of the Laws of 1915 provides that "the salary of the officers herein enumerated shall be the same during the remainder of the term for which they may have been elected or appointed, as they are respectively receiving at the time this act takes effect," it also provides that "the provision of this act shall not apply to the present term of officers elected or appointed prior to the taking effect of this act."

The right to the additional salary was part of the original contract, and not an increase at all, the statute providing that an increase in the population should automatically bring about an increase in the compensation. It is very clear from a perusal of the two acts that not only was no increase in salary effected, but that no change in the salaries of the officers then in office was contemplated.

The judgment of the District Court is affirmed.

ROBINSON, J. (dissenting). This is a mandamus proceeding by

the sheriff of Ward county to compel the county auditor to give him a salary voucher for $25 a month for seven months in 1915 and all of the year 1916, because of the fact that since he took office there has been an increase in the population of the county from 26,000 to 28,000 as shown by the state census reports. The district court directed the additional allowance, advancing the salary from $2,700 to $3,000. When plaintiff sought and accepted the office, the statute was to this effect:

Sec. 3520. The salary of the sheriff shall be regulated by the population in his county, according to the last preceding official state or Federal census; no sheriff shall receive for his personal services in any one year more than $2,700 in counties having a population of 25,000 and not exceeding 26,000; $3,000 in counties having a population of 28,000.

Sec. 3521. In addition to the salary prescribed by the preceding section, the sheriff or his deputy or deputies shall be allowed 10 cents per mile for each and every mile actually and necessarily traveled in the performance of their official duties.

Sec. 3522. The sheriff or his deputy shall be allowed livery or automobile hire not exceeding $5 per day, 40 miles to be considered a day's drive.

Sec. 3520 fairly contemplates that a person accepting the office of sheriff under it shall receive as compensation one uniform salary, neither increasing nor diminishing during his term of office. It gives the sheriff a very liberal allowance as a salary with mileage and livery in excess of the salary.

In Ward county the sheriff's greatest source of income in his mileage and livery. On every process he has 10 cents a mile going and coming. Often he goes in the same direction with several writs, making mileage on each; while passing along at the rate of 20 miles an hour, he may count $1 a mile in addition to the salary. To go precisely half a mile he hires an automobile, and may charge, as in some counties, $2.50. This makes $2 or more in addition to the mileage and salary. Thus in a recent case in Morton county now pending in this court, for summoning a special jury to assess damages, the fees charged by the sheriff were, mileage $55.80, and livery $70. That is the work of one day, and it is no part of the salary.

The sheriffs are commonly clever gentlemen of some political pull, which they use to secure a big salary and big fees. Indeed, there is a great deception in giving a sheriff a "salary" in exchange for the smallest part of his fees. The people do commonly understand that all fees paid the sheriff are turned over to the county treasurer, and that delusion is fostered by the sheriff.

The statute, which names a part or moiety of the sheriff's compensation a salary, does not contemplate any increase of such salary during the time for which he is elected. If an increase of population demand an increase of service, it will be mainly in the mileage or automobile hire, which of itself gives a good salary. Indeed, under a proper law the commissioners of Ward county would find it easy to hire a good competent sheriff for the mileage alone, without any additional salary or automobile hire. There is no reason for holding that, under a fair construction of the statute, that part of the sheriff's compensation which is misnamed a salary should be increased by reason of a change in the census during his term of office.

Order of the district court should be reversed and case dismissed.