(February 11, 1919.)

## BLAINE COUNTY, IDAHO, ex rel. W. E. MATTHAEI, Prosecuting Attorney, Respondent, v. WALTER PYRAH, Appellant.

[178 Pac. 702.]

COUNTY COMMISSIONERS—POWER OF LEGISLATURE TO DIMINISH SALARY.
The legislature has power to diminish salaries of county commissioners during their terms of office, and an act passed for that purpose does not conflict with art. 3, sec. 19, of the constitution.

[As to power of state to annul its contract by legislative act, see note in Ann. Cas. 1915B, 137.]

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. Wm. A. Babcock, Judge.

A claim for salary, allowed by the board of county commissioners, was ordered modified by judgment of the district court. *Affirmed.*

R. M. Angel, for Appellant.

A construction of the whole statute shows that the clear intention of the legislature was to fix the salaries of the commissioners to be elected at the next general election. (*Woods v. Bragaw,* 13 Ida. 607, 92 Pac. 576; *Carlile v. Henderson,* 17 Colo. 532, 31 Pac. 117, 118.)

"In the absence of constitutional inhibition the compensation of officers may be changed even during their term of office, but after the official services have been rendered a contract to pay for them at the legal rate exists which cannot be impaired even by the legislature. The intention to change the compensation must, however, be clear." (29 Cyc. 1427.)

Upon what did the legislature base the classification they made so arbitrarily? There is nothing in the act whatever to guide us or give us the slightest inkling whether it was upon population or valuation or area. Such a classification is in

itself a special law. (36 Cyc. 1004; *Foley v. Hoboken*, 61 N. J. L. 478, 38 Atl. 833.)

W. E. Matthaei, for Respondent.

"A county officer has no such vested interest in his salary as will prevent the legislature from diminishing it during his term of office." (*Harvey v. Rush Co. Commrs.*, 32 Kan. 159, 4 Pac. 153; 15 Dec. Dig. (Officers), sec. 100k.)

The compensation of the officer, as such, may be regulated, altered, increased or diminished by the law-making power at any time unless the constitution provides otherwise. (*Board of Commrs. of Allen County v. Chapman*, 22 Ind. App. 60, 53 N. E. 187; 15 Dec. Dig. (Officers), sec. 100j; 29 Cyc. 1427; *Loving v. Auditor of Public Accounts*, 76 Va. 942; *State v. Board of Commrs. of Granite Co.*, 23 Mont. 250, 58 Pac. 439.)

"Statutes concerning municipal government are valid, as general laws, whenever based on classifications reasonably germane to the subjects embraced therein, and if so, the legislative classification is conclusive on the courts, although only one of a class may exist when the act goes into effect." (36 Cyc. 1003.)

MORGAN, C. J.—At the general election held in November, 1916, Walter Pyrah was elected county commissioner of Blaine county. At that time, and until the act of the legislature approved March 14, 1917, went into effect, that county was, for the purpose of fixing the compensation of its commissioners, classified as of the first class, and the annual salary was $700. That act (Sess. Laws 1917, chap. 85, p. 300) placed Blaine county in the fifth class and fixed the annual salary of commissioners thereof at $300. On October 8, 1917, Pyrah filed with the clerk of the board his claim for salary, for the third quarter of that year, in the sum of $175, and it was allowed. The prosecuting attorney appealed from the order of the board, and the district court entered judgment to the effect that it be modified to the extent that the claim be allowed in the sum of $75, that being the amount due the com-

missioner for one quarter's salary as provided by the act of 1917 above mentioned. This appeal is from the judgment.

It appears that each of the three members of the board filed his claim for compensation at the rate of $700 per annum, and that like action has been taken with respect to the other claims as occurred in case of the one here under consideration. The record contains a stipulation, which is hereby approved, to the effect that the questions involved in the other cases may be determined by the adjudication of this one.

The language in which the notice of appeal is couched invites serious question as to whether the board, in its official capacity, is attempting to prosecute this proceeding. However, since the judgment of the district court is favorable to the county and this appeal is antagonistic to its interests, and since Commissioner Pyrah, in his individual capacity, is the real party in interest, the appeal has been deemed to be, and will be treated as having been, taken by him upon his behalf and, pursuant to the stipulation above noted, upon behalf of the other members of the board.

Appellant contends it is beyond the power of the legislature to change the salaries of county commissioners during their terms of office because of art. 3, sec. 19, of the constitution, which is as follows: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . . Creating, increasing or decreasing fees. percentages or allowances of public officers during the term for which said officers are elected. . . . . "

Proceeding upon the theory, but not deciding, that the act in question is a local or special law, it is manifest that art. 3, sec. 19, applies only to those irregular and uncertain modes of compensating public servants indicated by the words "fees, percentages or allowances," and by terms of like meaning, and does not apply to the salaries of officers. (*Brandon v. Askew,* 172 Ala. 160, 54 So. 605; *Mangam v. Brooklyn,* 98 N. Y. 585, 50 Am. Rep. 705.)

A salary is a fixed compensation "decreed by authority and for permanence," is paid at stated intervals, and depends upon time, and not the amount, of services rendered. (*Dane*

*v. Smith,* 54 Ala. 47; *Benedict v. United States,* 176 U. S. 357, 20 Sup.. Ct. 458, 44 L. ed. 503, see, also, Rose's U. S. Notes.) "Allowance" is a variable quantity. (*Benedict v. United States, supra.*)

The legislature may increase or diminish the salaries of officers during the terms for which they are elected, unless prohibited by the constitution. (*Farwell v. Rockland,* 62 Me. 296; *Knappen v. Barry County Supervisors,* 46 Mich. 22, 8 N. W. 579; *Hennepin County Commrs. v. Jones,* 18 Minn. 199; *Douglas County v. Timme,* 32 Neb. 272, 49 N. W. 266; *Marden v. Portsmouth,* 59 N. H. 18; *Board of Commrs. v. Stedman,* 141 N. C. 448, 54 S. E. 269; *Haynes v. State,* 3 Humph. (Tenn.) 480, 39 Am. Dec. 187; *State v. Kalb,* 50 Wis. 178, 6 N. W. 557.)

Sess. Laws 1917, chap. 85, is not in conflict with the constitution, and the judgment of the district court is, therefore, affirmed. Costs awarded to respondent.

Rice and Budge, JJ., concur.