12183.   CITY OF WARRENTON *v.* BRADSHAW.

The court erred in directing a verdict for the plaintiff for the full amount sued for.

DECIDED JULY 26, 1921.

Complaint; from Warren superior court — Judge Hardeman presiding.   January 3, 1921.

*L. D. McGregor,* for plaintiff in error.

*M. L. Felts, R. W. Ware,* contra.

BLOODWORTH, J.   T. B. Bradshaw sued the City of Warrenton for $226.64, which he insisted was due him as his salary as marshal of the city from February 15 to April 23, 1920, at $100 per month.   The 2d and 3d paragraphs of this petition are as follows: "Second. Petitioner alleges that on the — day of October, 1919, he was duly elected marshal of said city, for a period of one year, by the qualified voters of said City of Warrenton, Ga.   Third. Petitioner alleges that the salary for the marshal of the City of Warrenton, Ga., was fixed by the mayor and councilmen of said city at twelve hundred dollars ($1200.00) a year, or $100.00 a month for twelve months."   In its plea the city denied these paragraphs.   On the trial the judge directed a verdict for the plaintiff for the full amount sued for, and the city excepted.

Paragraph 3 of the petition, which is quoted above, was distinctly answered and expressly denied by the plea of the defendant.   This denial required proof of the allegation that the salary of the marshal was fixed by the mayor and council (called in the charter "commissioners") at "$1200.00 a year or $100.00 per month for twelve months."   The record does not show that any such proof was made.   Extracts from the minutes of the city council were introduced which showed that on October 30, 1919, the election of Bradshaw as marshal was formally declared by the commissioners; that on December 15, 1919, his salary as marshal was fixed at "$100.00 for the period from Dec. 15th, 1919, to Jan. 15th, 1920;" that on February 14 a warrant was ordered "drawn

for $100.00 for T. B. Bradshaw for the period from Jany. 15th, 1920, to Feby. 15th, 1920," and on the same date it was " ordered that salary of T. B. Bradshaw as marshal City of Warrenton, Ga., for eriod from Feb. 15th, 1920, to March 15th, 1920, be fixed at $5.00, and that specified duties of said Bradshaw for said period be the enforcement of all ordinances of the City of Warrenton, and his hours of duties be from 11 o'clock a. m. to 12 o'clock noon fast time, each day during that period," and that on March 15 his " salary as marshal for the period from March 15th, 1920, to April 15th, 1920, was fixed at $5.00, and his hours of duties fixed from 11 a. m. to 12 m. fast time each day during the period stated." In their brief counsel for the defendant in error insist that when their client was elected marshal in October, 1919, the salary of the marshal was $100 per month, and that the mayor and council, having fixed the salary at $100 a month at the beginning of the term, " had no right to reduce the salary of an officer as originally fixed by them;" and in support of this contention they quote from section 5 of the act of 1859 (Ga. L. 1859, p. 210), that the salaries of certain officers, including the marshal, " shall not be increased or diminished during their continuance in office," and say " there is nothing in any subsequent act amending the charter of Warrenton which repeals this provision of the act of 1859 denying to commissioners the right to increase or diminish the salary of this officer during his term of office." In this the learned counsel are in error. The act to amend the charter of the City of Warrenton (Ga. L. 1915, p. 960) expressly amended section 5 of the acts of 1859 by striking therefrom all reference to marshals, and the amendment of 1915 made the limitation as to increasing or diminishing salaries apply only to the salaries of tax-collectors, tax-receivers, and treasurer. The act of 1915 (Ga. L. 1915, pp. 962, 963) provides for the annual election of the marshal for the city by popular vote, and further provides that " said marshal so elected shall be paid such salary as may be fixed by the commissioners of the City of Warrenton," and that " it shall be the duty of the commissioners of said city of Warrenton to prescribe the duties of the marshal of said city." As the record does not show that the said commissioners fixed an annual salary of $1200 a year or $100 per month for twelve months, but on the contrary shows that the salary fixed by the commissioners for the

period of time covered by the suit was $5 per month, the court erred in directing a verdict for the plaintiff for the full amount sued for.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*