W. C. WHITTHORNE, COUNTY JUDGE, v. GORDON H. TURNER, COUNTY SUPERINTENDENT.

(*Nashville.* December Term, 1926.)

Opinion filed April 9, 1927.

1. PUBLIC SCHOOL SYSTEM. County school officials. Construction Acts, 1925, chapter 115.

The Acts of 1925, chapter 115, called the General Education Bill purports to embody laws regulating the Public School System. The duties of the county board of education are set forth. The duties of county superintendent are declared. An executive committee of the chairman of the board and county superintendent are constituted. (Post, p. 305-307.)

Citing: Acts 1925, ch. 115, sec. 6, ss. 1, pp. 321-324; ss. 1 to 14, pp. 324-330.

2. SAME. County Superintendent of Public Instruction. Duties. Compensation.

The county superintendent of public instruction has a supervisory duty over all its schools. He is **ex-officio** secretary of county board of. education, his compensation is fixed under Shannon's Code, section 1410, Acts 1921, chapter 118. (Post, p. 307.)

Citing: Acts 1907, ch. 236, sec. 3.

3. SAME. Same. Budget for current year.

By Acts of 1925, section 6, subsection 25, the superintendent of public instruction at July term of court is required to submit a budget for school maintenance for current year, including his own salary; and upon its adoption by the court the right of compensation vests, and for such year the amount cannot be increased nor diminished by the court. (Post, p. 307.)

Citing: Acts 1873, ch. 25, sec. 8; Acts 1925, ch. 115, s. s. 7 at p. 325; Acts 1921, ch. 118; Shannon's Code, sec. 1410.

**4. OFFICER. Compensation, increase or dimunition.**

If no constitutional or statutory inhibition forbids, the increase or dimunition of compensation, during the term of office, the salary may be increased or diminished.  (Post, p. 308.)

Citing: Hunter v. Conner, 152 Tenn., 273; Haynes v. State, 22 Tenn. (3 Humph.), 480.


FROM MAURY.


Appeal from the Chancery Court of Maury County.— Hon. Thomas B. Lytle, Chancellor.

Pride Tomlinson, County Attorney, for plaintiff.

J. B. Garner, for defendant.

Mr. Justice Cook delivered the opinion of the Court.

The defendant was elected Superintendent of Public Instruction by the Maury County Quarterly Court at the January Term, 1925.  Before the election the court fixed the salary of the county superintendent at $1150 a year without reference to the tenure of office.  The pay from the county supplemented by that from the State under chapter 118, Acts of 1921, would make the salary $2150 a year.  The defendant assumed the office, discharged its duties and received pay from the county upon monthly warrants issued by the county judge throughout the year 1925.

At the July Term, 1925, the quarterly court entered an order declaring "that members of the board of education be paid $4.00 a day (Chapter 116, Section (6), Acts 1925), and that the secretary of the board of education while

away from office on official business be paid eight cents per mile. This to come out of the $500 fund.''

Under Chapter 236, Section 3, Acts of 1907, the county superintendent is *ex-officio* secretary of the board of education. This provision of the Act of 1907 was not carried into chapter 115, Acts of 1925.

The superintendent of public instruction submitted to the July term of the court a budget as required by section 6, Sub-section 25, Chapter 115, Acts of 1925, in which items of $1150 salary of the county superintendent, and $500 for members of the board of education and secretary, appear. The order allowing the secretary eight cents a mile out of the $500 evidently refers to the $500 item of the budget.

At the January Term, 1926, the court ordered that ''the sum of $500 set aside in the school budget for traveling expenses of the county superintendent which he could not legally expend, be added to his salary—that is to say that his salary be increased $500 for the current year, and $500 to be added for the past year.''

This action was brought under chapter 29, Acts of 1923, to test the legality of the above-mentioned appropriations. The cause was heard upon defendant's demurrer to the bill. The Chancellor held that when the quarterly court fixed the salary of the superintendent at the July Term, 1925, under Chapter 25, Section 8, Acts of 1873, and amendatory Acts (see Shannon's Code, sec. 1410), that the power delegated to the court was exhausted and authority to increase the pay of the defendant during the term was lacking. The Chancellor sustained the resolution of July, 1925, not as an increase of salary, but as an allowance for expenses incurred in the performance of official duty.

Both parties appealed. The defendant insists that the addition of $500 to the salary for 1926, as well as the

155 Tenn.—20.

addition to the pay for 1925, made by the court at the January Term, 1926, were both valid. Complainant insists that the resolution of the July Term, 1925, whether construed as an increase of pay or an allowance of expenses was unauthorized.

The Statute, Section 1410, Shannon's Code, provides that the superintendent shall receive such pay for his services as may be allowed by the County Court, to be paid upon the order of the Chairman of the county Court. No constitutional or statutory inhibition forbids the increase or diminution of the compensation of the county superintendent during the term of office, and in the absence of such restriction the salary may be increased or diminished. *Hunter* v. *Conner,* 152 Tenn., 273-4; *Haynes* v. *State.* 3 Humph., 480. But after the right of compensation vests, the amount could not be added to or subtracted from. The court, in the exercise of power conferred by Statute, fixed the salary of the superintendent at the January term without reference to 1926. Before the salary of 1926 was declared by the court, the justices could, in the exercise of their unexhausted power determine the compensation to be paid by the county for the succeeding year. Having exhausted the power in fixing the salary for 1925, the court could not afterwards increase or diminish it. The Statute confers no power upon the court to vote a gratuity or an addition to a salary that has become vested. The court could no more do this than it could require the superintendent to restore to the treasury a portion of the salary which he had earned. Fundamental principles of public policy forbid such interference with the vested rights of the official, and such improvident freedom with the public revenues.

Chapter 115, Acts of 1925, called the General Education Bill, purports to embody laws regulating the Public School system. The duties of the county board of education are set forth at Section 6, page 321, and at page 324, Sub-section 1, *et seq.*, the duties of the county superintendent are declared. At page 331, Sub-section (6), the Chairman of the board and the county superintendent are constituted an executive committee, and in subsequent provisions the duties of the executive committee are outlined.

No Statute confers power upon the quarterly court to add to the salary of the county superintendent after it has been definitely fixed under the law. Chapter 115, Acts of 1925, page 324, forbids the county superintendent to accept a school warrant for any purpose other than allowed as county superintendent for salary, and proceeds, "provided that nothing in this Act shall prevent any county superintendent from receiving such compensation as the county board may allow for services as Secretary."

Chapter 115, Acts of 1925, makes it obligatory upon the superintendent to attend all meetings of the county board and to serve as a member of the executive committee without additional compensation. Sub-section 2, page 325. The duties of the county superintendent are declared in Sub-sections 1 to 14, page 324 to 330. The duties of the executive board are specifically set forth beginning in Sub-sections 1 to 6, pages 331, 332.

These provisions comprehend all the official duties as county superintendent, among them the duty to visit the schools. They comprehend also all his duties as *ex-officio* secretary of the executive committee. The Act confers no power on the court to appropriate revenue for traveling expenses of the county superintendent. The only provision indicating authority of the superintendent to receive pay in addition to his service as superintendent

is found in Section 6, at page 324, which by indirection suggests that the county board may allow compensation for services as secretary of the board. The only duty that the superintendent could perform as secretary of the board is to keep a record of its proceedings as provided in Sub-section 3 at page 325, and the Act declares this to be a duty of the superintendent.

The quarterly county court is given no power to compensate for *ex-officio* services which the Act requires the superintendent to perform in his capacity of county superintendent. The appropriation at the July Term, 1925, allowing the superintendent as secretary of the board eight cents a mile for traveling expenses while away from the office on official duties is not authorized by any Statute. In the discharge of his duty as secretary of the board, the county superintendent was not required to travel. The duty to visit schools, necessitating travel, is a duty imposed upon defendant as superintendent of schools. His duties as secretary of the board did not require him to travel or incur any expense in that capacity.

By sub-section 7, at page 325, the county superintendent is required to visit schools and advise with the teachers and members of the board of education touching their condition and improvement. In performing this duty the defendant acted as superintendent for which he was compensated by the salary fixed by the county court under Shannon's Code, section 1410, and chapter 118, Acts 1921. The compensation for 1926 was not fixed by the resolution of the January Term, 1925, and the increase of $500 to the salary of 1926 made by the court at the commencement of the year was a legitimate exercise of the unexhausted power of the court. Having fixed the pay at $1150 a year beginning in 1925 without reference

to time the court reserved the power to declare the pay for succeeding years, but the court could not, after having fixed the salary for 1925, appropriate the public revenue in the form of a gratuity.

The decree of the Chancellor will be modified and affirmed as follows:

(1) Sustain the demurrer in so far as it challenges the validity of the quarterly court's action in increasing the salary for 1926, so as to declare the action fixing pay for 1926 valid. (2) Overrule the demurrer to so much of the bill as challenges the validity of the gratuitous appropriation of eight cents a mile made at the July Term, 1925, so as to declare void the action of the quarterly court in passing that resolution. (3) Overrule the demurrer to so much of the bill as seeks to declare invalid the addition to the compensation for 1925, so as to declare void the action of the court appropriating additional pay for 1925.