## BEN E. GROCE v. PICKETT COUNTY.

Middle Section. July 12, 1930.

O. K. Holladay, of Cookeville, and Ben E. Groce, of Byrdstown, for plaintiff in error, Groce.

Turner & Cullom, of Livingston, for defendant in error, Pickett County.

CROWNOVER, J. This was an action by the former County Superintendent of Public Instruction of Pickett county, against that county, for $500, balance of salary for the year 1924, with interest, which the county refused to pay.

The defendant pleaded, (1) nil debet; (2) that his salary was fixed at $500 for the year 1924; (3) accord and satisfaction; (4) that there was a mistake made in the date of the budget adopted at the July term of the County Court, 1923, in that it should have read: for the ensuing year 1923-24, instead of 1924-25; and (5) estoppel.

The action was tried by the judge without a jury and he decided in favor of the defendant and dismissed the action. Plaintiff's motion for a new trial having been overruled, he appealed in error to this court and assigned five errors, which raise the proposition:

> That the court erred in failing to find and hold that the budget submitted and adopted at the July term, 1923, provided for the County Superintendent's salary of $1000 for the year 1924, and the plaintiff's right to this salary became vested and the Quarterly County Court had no power to reduce the same thereafter.

Ben E. Groce was elected County Superintendent of Public Instruction for Pickett County, by the Quarterly County Court, at its January term, 1923, to serve for two calendar years, 1923 and 1924.

His salary was not fixed at that term, but at the April term, 1923, the following motion was passed by that court:

> "The County Superintendent's salary. On motion and second, it was ordered by the court that Ben E. Groce, County Superintendent, be allowed $1,000 for his services as County Superintendent."

At the July term, 1923, the chairman of the County Board of Education submitted to the Quarterly Court the school budget for the ensuing year, as required by chapter 2 of the Public Acts of 1921, showing "the amounts by items necessary to run the public schools of the county efficiently for the ensuing year 1924-25." Among the items therein set out was, "Salary of County Superintendent, $1000."

It was customary for the county to fix the County Superintendent's salary for one year at a time, and Ben E. Groce received $1000 as salary for the year 1923.

At the January term, 1924, the court entered into a discussion of the matter of fixing the salary of the County Superintendent at $500 for the year 1924, but at the request of Mr. Groce the matter was passed over to the April term, at which term the court passed a motion fixing his salary at $500 for the year 1924. At the July term,

1924, the chairman of the Board of Education submitted another school budget, for the ensuing year, in which the salary of the County Superintendent was also reported at $500, which was adopted.

Groce was paid $350 by the county on his salary in 1924. He instituted mandamus proceedings in the Chancery Court to compel the county judge to issue to him his warrant for $650, balance of his salary for 1924. The indebtedness was denied, except $150 admitted to be due and to have been later paid by the county judge pending the suit. The suit was dismissed by the Supreme Court, for the reason that the salary was contested and the amount claimed to be due was denied, in the case of State ex rel. Groce v. Clyde Martin, County Judge, 155 Tenn., 322, 292 S. W., 451. But on petition to re-hear the decree was modified so as to show that the original bill was dismissed as a mandamus proceeding only and without prejudice to the rights of the petitioner to bring another suit for his salary. Whereupon, plaintiff brought this action.

After an examination of the authorities we are of the opinion that the assignments of error are not well made and all of them must be overruled. Shannon's Code, sec. 1410, provides, in part, that a County Superintendent of public schools for each county shall be elected by the County Court, biennially, in January, and he shall hold his office for two years, and shall receive such pay for his services as may be allowed him by the County Court.

It was held by our Supreme Court in the case of Haile v. Young, 6 Lea, 500, that "the pay of the county superintendent of public instruction is, by the Act of 1873, ch. 25, sec. 8 (Code 1410), left to the discretion of the county court, and the decision of that court is final, whether the allowance be declared in advance or after the services have been rendered."

Our Supreme Court further stated in the case of Whitthorne v. Turner, 155 Tenn., 303, 293 S. W., 147, that:

"No constitutional or statutory inhibition forbids the increase or diminution of the compensation of the county superintendent during the term of office, and in the absence of such restriction the salary may be increased or diminished. Hunter v. Conner, 152 Tenn., 273-4; Haynes v. State, 3 Hump., 480. But after the right of compensation vests, the amount could not be added to or subtracted from."

The court in this case, as in the Whitthorne v. Turner case, fixed the compensation of the Superintendent for one year at a time.

As will be seen by an examination of the record, the County Court at its April term, 1923, fixed the Superintendent's salary at $1000, manifestly for the year 1923, and his salary was fixed by that court in 1924 at $500. Under the authorities above cited, the court had a right to fix the salary each year. We are of the opinion that the report of the budget made by the chairman of the County Board of

Education and adopted by the County Court at its July term, 1923, in which he reported the County Superintendent's salary at $1000 "for the ensuing year 1924-25," does not affect the situation in the least. We think it manifest that the budget was intended for the ensuing year 1923-4. The term "ensuing year" within the meaning of the statute (Chap. 2 of the Acts of 1921) means the year immᵒ· diately following the adoption of the budget, and evidently this is what the court intended. The court intended to adopt a budget of expenses from July to July, whereas the Superintendent's term of office ran from January to January. The Quarterly County Cour̃: attempted to fix his salary for 1924 at its January term, 1924, but at his request the matter was deferred until the April term, 1924, when it was fixed at $500. The matter is by statute left to the discretion of the County Court, and the decision of that court is final. Salaries of county officers, which are left to the discretion of the Quarterly County Court, are fixed by motion, but the budget and its adoption are only methods of securing the appropriation of money for such purposes, so that the court may know the amount of tax to levy.

There is nothing in the defense of estoppel, as the Superintendent accepted the $500 under protest. State ex rel. Brantley v. Ferris, 56 S. W., 1039.

It results that all the assignments of error must be overruled and the judgment of the lower court is affirmed. The cost of the case including the cost of the appeal is adjudged against plaintiff in error, Groce, and the sureties on his appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.