(32 App. Div. 357.)

PEOPLE ex rel. LEE v. GLEASON et al.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

1. MANDAMUS—EVIDENCE.
    Upon a motion for a peremptory mandamus, an allegation in the moving affidavits, which is denied by the opposing affidavits, must be considered as not proven.
2. CIVIL SERVICE EXAMINATION.
    If a civil service regulation requires an applicant to pass a special physical examination, no method of examination other than that specified is a compliance therewith, even though accepted by the board as final.

Appeal from special term, Queens county.

Petition by the people of the state of New York, on the relation of Robert H. Lee, for a writ of mandamus against Patrick J. Gleason and others, constituting the board of fire commissioners of Long Island City, to reinstate relator to his former position in the fire department of such city. From an order denying the writ, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Daniel Noble, for appellant.
Almet F. Jenks, for respondents.

GOODRICH, P. J. The relator, claiming to be an exempt fireman, was appointed a driver in the fire department of Long Island City on June 12, 1894, and served in that department until July 8, 1896, when

he was summarily removed without charges or notice. He applied to the special term for a writ of peremptory mandamus to compel the board of fire commissioners of the city to reinstate him in his position, and permit him to perform its duties, on the ground that his removal was in contravention of the laws of the state in relation to civil service and the rules thereof adopted by the mayor of Long Island City after approval by the civil service commissioners of the state, and that for this reason his removal was illegal. He alleged that his appointment was duly made, after he had passed a physical and civil service examination, as required by law and the rules of the department. In opposition to the motion, affidavits were submitted by Mr. Coffey, secretary of the civil service board of Long Island City, who said that the relator never passed a civil service examination for such position; that he was not at any time one of the highest three on any eligible list, and that his alleged appointment was illegal and void; that, although physical qualifications were of prime importance to the proper discharge of the duties of a driver, he was unable to find that any physical examination of the relator was ever had under the direction of the civil service board, or that he was ever certified to the board of fire commissioners, as required by regulation 13 of the civil service rules. Mr. Gleason also made an affidavit, stating that he was a member of the board of fire commissioners of the city, and that the relator did not pass a physical examination before his alleged appointment; that he did not pass any civil service examination, and was not one of the highest three on any eligible list. He further denies, on information and belief, that the relator is an exempt member of the fire department of the city, adding: "No record that he is such can be found by deponent." A further affidavit of Mr. Coffey was presented, stating that he has examined the relator's application for examination by the civil service board of the city, and that neither in such application nor in any record in the possession of the board is there any claim that the relator was an exempt fireman, or entitled for any other reason to any preference in appointment, and that the physical examination which the relator claims to have passed was not one over which the civil service board had any control, nor was it made under its direction, but was one to which every applicant voluntarily submitted, in order to obtain a physician's certificate required as part of his application papers. Regulation 4 of the Long Island City civil service regulations classifies firemen in Schedule B. Regulation 6 requires each applicant for appointment to a position in Schedule B to state, among other matters, "previous employment in the public service, if any," and that it must be accompanied by a "certificate of a practicing physician of good repute that he has examined the applicant, and found him free from any physical defect," etc. Regulation 14 requires that, "whenever physical qualifications are of prime importance to the proper discharge of the duties in any position, applicants must pass an additional examination as to their physical condition and capacity, and be certified as qualified in such respects before recorded on the proper eligible list for selection for the position, or before certification by the board of examiners as qualified for such selection." In answer to these opposing affidavits,

the relator submitted an affidavit that, when he applied for appointment, he was handed a blank containing a blank form of physician's certificate, and that he was examined by Dr. Strong, who filled up the blank form, which stated that the relator was physically capable, and that the relator filed the same with the board of civil service examiners; that at that time there was no physician specially appointed to examine applicants, each of whom was examined by any reputable physician; that he was fully examined by the board of civil service commissioners as to his mental capacity, and passed with a percentage of 84. There was also an affidavit of Mr. Crowley that applicants were permitted to be examined by any physician, and that the certificate of such physician was accepted by the board of fire commissioners as sufficient and final.

It is well settled that, on a motion for a writ of peremptory mandamus, any allegation in the moving affidavits which is denied by the opposing affidavits must be considered as not proven. This disposes of the relator's allegation that at the time of his appointment he was an exempt member of the fire department of Long Island City, as the opposing affidavits deny such allegation, and show that the public records contain no such statement, and that the relator's application for appointment made no such claim.

This leaves us to the consideration of the question whether the relator's appointment was in accordance with the civil service rules. It is conceded that the relator did not pass the physical examination specifically required by regulation 14. Such examination must be had under the direction of the civil service commissioners. No other method of examination is a compliance with the rules, and it is immaterial that any other physician's certificate was accepted by the board as final. Such acceptance was a clear disregard of the civil service regulations. In addition to this, there was no certification by the civil service commissioners that the relator was on any eligible list as having passed the examination for merit and fitness.

Our attention is called to the recent decision of the court of appeals in People v. Lawlor, 50 N. E. 1121, where the special term granted a writ of peremptory mandamus to compel the reinstatement of Rooney, the relator in that proceeding, to his position as patrolman of the city police department. The appellate division affirmed the order without opinion. 18 App. Div. 630, 45 N. Y. Supp. 1146. The court of appeals also affirmed the order without opinion. A reference to the printed record shows that Rooney was appointed a policeman on May 31, 1894, and was removed, without notice, on February 1, 1896, on the ground that his appointment was made in violation of the civil service law, in that, among other things, he was never examined as to his physical condition, under the direction of the civil service board, nor certified by it as qualified. In that case there was in fact a physical examination by Dr. Harrington, the police surgeon of the department. This was in addition to the physician's certificate attached to the application for appointment. The secretary of the civil service commission testified that the relator's name was not certified on the eligible list until after he had been examined by the surgeon; that when the police commissioners desired to make an ap-

pointment, and sent to the civil service commissioners for a list of eligibles, three names were certified to them, and those certified for appointment were notified to appear before Dr. Harriman, the police surgeon; and Rooney presented his affidavit that prior to the time when he was certified to the board of police commissioners by the civil service commissioners as eligible for appointment he had duly passed a physical examination, under the rules and directions of the civil service commissioners, and that that fact appeared by the certificate of the surgeon, on file in the city clerk's office. In this respect that case differs from the present one, as it is conceded that there was no other physical examination than that shown in the physician's certificate attached to the original application for appointment, the physician certifying that he was not connected in any way with either the police department or the civil service commissioners.

The order of the special term must, for these reasons, be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.