MICHAEL J. CONNELL *vs.* BOARD OF PUBLIC WORKS OF
EVERETT.

Suffolk. November 19, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Civil Service. Municipal Corporations,* Officers and agents. *Agency,* What constitutes. *Everett.*

Upon a vacancy occurring in the position of a plumber in the water department
of the city of Everett, which is subject to the civil service law, the mayor of
the city by a requisition applied to the civil service commission for a candidate
for the vacancy and, upon two names being certified, made a formal return to
the commission that one of the men so certified had been employed. The
plumber so employed then began work in the city's water department and
continued so employed for eleven months. *Held,* that the plumber was an
employee of the city and entitled to the benefits of St. 1904, c. 314, § 1, of
the civil service law, even if the original hiring by the mayor was invalid.

PETITION, filed in the Supreme Judicial Court on February 5,
1919, for a writ of mandamus directing that the petitioner be
restored to employment as a plumber in the water department of
the city of Everett.

The case was referred to an auditor and was heard upon the
auditor's report by *Loring,* J. Material findings of the auditor are
described in the opinion. The single justice ordered that the writ
should issue as prayed for. The respondents alleged exceptions.

*W. P. Lombard,* for the respondents, submitted a brief.

*T. F. J. Callahan,* for the petitioner.

BRALEY, J. The petitioner seeks reinstatement as a plumber
in the water department of the city of Everett from which he al-
leges he was unlawfully discharged by the superintendent of water
under the board of public works. The case was heard by a single
justice on an auditor's report, and the first question is, whether
on the facts stated in the report the petitioner was employed by
the city.

By a requisition dated February 1, 1917, the mayor applied to
the civil service commission for a plumber for the water depart-
ment, and two names, including the petitioner's, were certified

for appointment. The commission on February 8, 1917, received a formal return signed by the mayor, that the petitioner had been employed under the certification, and it is found that he began work as a plumber on February 8, 1917, and continued in the employment of the city until January 12, 1918, the date of his discharge. It is contended by the respondents that the requisition and appointment should have been made by the board of public works, who alone had authority to employ such laborers as were necessary for carrying on the department. If, without deciding, it is assumed that the original hiring by the mayor was invalid, the board had positively recognized and accepted him as an employee of the water department under the certification, and as such he was entitled to the protection of the provisions of St. 1904, c. 314, § 1. The auditor's specific finding thereon that the petitioner was employed by the city at the date of his discharge as a classified laborer was therefore warranted.

It is plain that, being under the protection of the civil service, the petitioner could not be summarily dismissed as the single justice was justified in finding, but was entitled to notice and to a hearing before he could be lawfully discharged. St. 1904, c. 314, § 1. *Stiles* v. *Municipal Council of Lowell,* 229 Mass. 208. *Ransom* v. *Mayor of Boston,* 193 Mass. 537, 540.

It follows that the finding of the single justice and his ruling that the petitioner was an employee of the city was correct. The exceptions must be overruled, and a writ of mandamus is to issue.

*So ordered.*