JOHN J. O'BRIEN *vs.* INSPECTOR OF BUILDINGS OF LOWELL.

Middlesex. November 8, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Civil Service.*

A laborer, certified by the civil service commission to the superintendent of buildings of a city for "intermittent" employment in response to a requisition for an "intermittent slate roofer," continued in employment by the city for nearly twenty-two months, when, in December, the superintendent gave him a notice in writing to the effect that he was suspended temporarily until his services should be again required because at that time of year it was impossible for him to work as a roofer. The superintendent refused to give him a hearing which he requested under G. L. c. 31, § 43, and he petitioned for a writ of mandamus directing his reinstatement. The writ was ordered. *Held*, that

(1) No time having been stated in the requisition, the petitioner, by reason of the provisions of Civil Service Rule 35 (3), was not the holder of temporary employment;

(2) Although the petitioner had been certified and employed as an "intermittent slate roofer," he held employment in the classified public service when he received notice of his suspension, and he was entitled to the hearing for which he asked;

(3) It was proper to order that the writ be issued.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on February 7, 1927, for a writ of mandamus commanding the respondent to reinstate the petitioner as a laborer in the classified service employed by the city of Lowell.

The petition was heard by *Carroll*, J. Material facts are stated in the opinion.

Civil Service Rules 24 (1) and 35 (3) are as follows:

"No person shall be certified for temporary employment for a period of more than three months; but at the expiration of such period upon receipt of a new requisition the commissioner may order a renewal certification for a like period, and similarly renew the same from time to time."

"When a requisition is received for temporary service, the employment of the persons appointed on this requisition shall continue only for the time stated in the requisition, unless the commissioner shall otherwise direct."

The single justice ordered that the writ issue and reported the case to the full court for determination.

*J. J. Bruin*, for the petitioner, submitted a brief.

*J. P. Donahue*, for the respondent.

SANDERSON, J. This is a petition for a writ of mandamus to restore the petitioner to his position in the classified public service of the city of Lowell.

The single justice found that the respondent, who on February 27, 1925, was acting as the superintendent of lands and buildings in the building department of the city of Lowell, sent a requisition to the civil service commission for an "intermittent slate roofer," and in the requisition it was stated that the kind of labor was "slate roofer," the place of employment "building department," the probable duration of employment "intermittent," and the pay "$39.60." By the rules of the civil service commission the employing officer is required to give this information when calling for

laborers. In response to this requisition, the petitioner on March 2, 1925, was certified to the respondent as a slate roofer for "intermittent employment," and on that day he started working for the city. On March 6, 1925, the petitioner received a notice from the civil service commission stating, "you are permanently appointed to the position of slater in the Building Department of the City of Lowell and your name has been withdrawn from the eligible list." The single justice found that such a notice was sent in all cases where employees are certified for permanent employment, but in this case he found and ruled that the notice, which was on a printed form, retained by mistake the word "permanently." The petitioner continued in this employment for nearly twenty-two months, until December 31, 1926, when he received from the respondent notice in writing to the effect that he was suspended temporarily until his services should be again required because the petitioner's work consisted entirely of roofing work and the conditions of the roofs at that time of the year were such that it was impossible to make repairs on them. On January 3, 1927, he requested in writing a hearing under the provisions of G. L. c. 31, § 43, and this was denied him by the respondent. The question to be decided is whether the petitioner was holding employment in the classified public service within the meaning of that section of the statute.

The single justice ruled that the petitioner was not a permanent employee, but was an intermittent employee and as such was entitled under the civil service rules and under the statute to the hearing requested; he ordered that the writ of mandamus issue, and reported the case.

The respondent contends that the petitioner, having been employed as an intermittent slate roofer, was a temporary employee and not entitled to the hearing requested.

The civil service rules applicable to the labor division made provision for those holding employment in the classified public service and those holding temporary and emergency appointments. It is not contended that the petitioner was an emergency employee. The rules require that vacancies in a classified position shall be filled after requisition

and certification according to the rules, and that no person appointed to the labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months. Upon the expiration of that period he is automatically in the classified service and can be suspended or removed only in accordance with the civil service rules and the statutes. Under Civil Service Rule 24 (1), no temporary employee can be certified for a longer period than three months with the right on the part of the commission upon request to extend the employment for other like periods. If that rule is controlling and the respondent desired the services of a roofer for temporary service, he could have made application therefor, and have dispensed with the services at the end of three months or secured permission, at the expiration of that period, for a renewal period of three months with the consent of the commissioner by a new requisition. No time having been stated in the requisition, the petitioner was not the holder of a temporary appointment under Civil Service Rule 35 (3). He was not employed for a particular task and paid for what he did, but was on a fixed weekly salary. See *Clark* v. *Boston,* 179 Mass. 409. He continued in the employment for a period extending far beyond the probationary period required before appointees shall be regarded as holding office in the classified public service under the civil service rules. Although he was certified and employed as an "intermittent slate roofer" he held employment in the classified public service when he received notice of his suspension, and he was entitled to the hearing for which he asked. *Connell* v. *Board of Public Works of Everett,* 234 Mass. 491. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590.

We find no error in the rulings and decision of the single justice. Writ of mandamus to issue as prayed for.

*So ordered.*