E. C. Ash, Appellee, v. Board of Civil Service Commissioners et al., Appellants.

No. 41688.

March 7, 1933.

F. T. VanLiew, Chauncey A. Weaver, J. A. Ralls, C. I. McNutt, and Buell M. Lindgren, for appellants.

F. W. Burnett, for appellee.

UTTERBACK, J.—On the 21st day of April, 1932, E. C. Ash, the plaintiff-appellee, was appointed by the commissioner of finance, Mrs. Francette Miller, to the position of janitor in the City Hall of the city of Des Moines, in place of Matthew Tillman, who had held the position of janitor in the City Hall for twelve years, having been appointed to that office in 1920 by the then commissioner of finance. The appellee's appointment was unanimously approved and ratified by the city council, and said Tillman was dismissed from service. Subsequent to his discharge, the said Matthew Tillman appealed from the action of the commissioner of finance in dismissing him from the service to the appellant civil service commission of the city of Des Moines, claiming that the position of janitor was within the purview of the Civil Service Law, and that therefore he had been wrongfully discharged. After hearing on said appeal, the appellant civil service commission held that the said Matthew Tillman, as janitor, came within, and was entitled to, the protection of the civil service; the decision being rendered in the following words, to wit:

"Appeal sustained because of exceptional efficiency, and for his performance of mechanical and clerical duties outside of his regular janitor work."

Thereupon the said Matthew Tillman was reinstated to his former position as janitor in the City Hall building, and the appellee, E. C. Ash, was thereby deprived of the position to which he had been previously appointed.

On May 9, 1932, the appellee filed his petition for writ of certiorari in the office of the clerk of the district court of Polk County, Iowa, and, on said day, the clerk of the district court, by B. H. Wright, his deputy, issued usual writ of certiorari, which was served upon the defendants by an officer of the court on said day. The appellants responded to said writ on the 16th day of May, 1932, by filing their return, which, among other things, showed the following: That the newly elected mayor and city council took office on the 4th day of April, 1932; that the City Hall custodian and janitorial staff, in the distribution of departmental authority, was assigned to the department of finance, of which Mrs. Francette Miller was the newly elected superintendent; that on the 21st day of April, 1932, the said superintendent of finance introduced resolution appointing custodian, night watch, head janitor, and janitors, for the City Hall

building, and also janitorial staff for the municipal court building; that among the janitors appointed was the appellee herein, and that the resolution approving said appointment was unanimously adopted by the city council on said 21st day of April, 1932; and that, by said appointment, so approved by the city council, the appellee herein was substituted on said janitorial staff as janitor in place of the said Matthew Tillman. The return also showed the notice of appeal of said Tillman to the civil service commission, the testimony of the witnesses before the commission, and the decision of the commission above quoted.

By an amendment to the appellants' return to said writ of certiorari filed on May 20, 1932, they set out sections 5, 6, 8, 9, and 10 of Ordinance No. 1531 of the city of Des Moines, Polk County, Iowa, which ordinance was passed on June 13, 1908.

On the 25th day of May, 1932, this cause was tried in the district court of Polk County, Iowa. After both sides had rested, the appellants moved to quash the writ of certiorari, on the ground that the district court had no jurisdiction either of the parties or of the subject-matter. On the same day, judgment was entered by the court, finding that the court had jurisdiction of the parties and of the subject-matter; that the appellee had been lawfully appointed to the position of janitor in the City Hall of Des Moines, Iowa, by the superintendent of finance; that said Matthew Tillman had at no time been within the provisions of the civil service act of the state of Iowa, or of the civil service ordinance of the city of Des Moines; that the appellant civil service commission exceeded its jurisdiction in recognizing the appeal of said Matthew Tillman; and that it acted illegally and without authority, under the statutes of the state of Iowa; that said decision of appellant civil service commission should be annulled; that the appellee's petition should be sustained; and that defendants' motion to quash should be overruled; and that the appellee should have judgment for costs. From that decision of the district court the appellants now appeal.

The record shows that said Matthew Tillman had been continuously in the service of the city of Des Moines, as janitor in the City Hall, for a period of twelve years, that his services had been entirely satisfactory, and that no charges of any kind were ever filed against him.

The foregoing statement brings us squarely to a consideration

of the following questions raised in the briefs and arguments of the parties:

(1)   Is the appellee a proper party plaintiff in this proceeding?

(2)   Did the district court have jurisdiction of the parties and of the subject matter in this proceeding?

(3)   Did the superintendent of finance, with the approval of the city council, have power to remove said Tillman, and to appoint the appellee to the position of janitor in the City Hall in Des Moines, Iowa?

(4)   Did the civil service commission have jurisdiction to entertain the appeal of Mr. Tillman?

Appellants contend that the appellee is not a proper party plaintiff in this proceeding, for the reason that he was not a party to the appeal taken by Tillman to the appellant civil service commission. The record clearly shows that the appellee was a directly interested party, in that the finding of the appellant civil service commission deprived him of the position to which he had been appointed.

In the case of Hemmer v. Bonson, 139 Iowa 210, 117 N. W. 257, 259, 19 L. R. A. (N. S.) 610, this court said:

"* * * It may be conceded that, as a general rule, certiorari will not issue at the demand of one who is not named as a party to the proceedings in which the judgment or order sought to be reviewed was entered. But this is by no means universally true. If the petitioner for the writ is a party in substance, though not in form, he may have the writ. So, also, if the matter to be reviewed is one which affects the public generally, any individual citizen may ordinarily invoke the remedy of certiorari. Collins v. Davis, 57 Iowa 256, 10 N. W. 643; Goetzman v. Whitaker, 81 Iowa 527, 46 N. W. 1058. For a still stronger reason it follows that the same remedy is open to the individual citizen who suffers peculiar injury by reason of a judgment or order entered in excess of jurisdiction."

As a general rule in certiorari proceedings, the party plaintiff must be one who has been a party to the prior proceedings. However, in exceptional cases, the writ will issue upon petition of one who is shown to be an interested party. In this case, we find that the appellee had such an interest in the subject-matter of this proceeding, as to entitle him to act as party plaintiff in this proceeding, for the purpose of securing a review of the acts of the appellant civil

service commission, for the reason that he suffered the loss of his position on account of the decision of the appellant board, which, in effect, reinstated said Tillman to his former position and removed the appellee from the position to which he had been appointed.

We are therefore of the opinion that, under the facts and circumstances in this case, the appellee was a proper party plaintiff, and that the district court had jurisdiction both of the parties and of the subject-matter in this proceeding, for the purpose of reviewing the action of the appellant board and determining whether or not said board had acted lawfully and within its powers in entertaining Mr. Tillman's appeal.

This brings us to a consideration of the question of whether the superintendent of finance, with the approval of the city council of Des Moines, had power to remove said Tillman from the position of janitor in the City Hall, and to appoint the appellee to said position. It is the contention of the appellant board that said Tillman was a civil service employee, that no charges had ever been filed against him, and that he was unlawfully removed from his position as janitor. It is the further contention of the appellants that said Tillman was entitled to protection from dismissal by 1931 Code, section 5695, in that he had rendered long and efficient service as a janitor, and that he could not be removed except for cause shown.

Chapter 289 of the 1931 Code (section 5689 et seq.) relates to civil service, and provides that all appointive officers and employees of cities, operating under the commission form of government, are placed under the civil service system therein provided for, with the exception of certain classes of employees set out specifically in Code section 5694, thereof. One of the classes of excepted employees, in the words of the statute, consists of the following: "Laborers whose occupation requires no special skill or fitness." The said Tillman was appointed as a "janitor" in the City Hall. He took no civil service examination. He had certain duties to perform under the supervision and direction of the custodian of the City Hall, who was his supervisor.

The designation "Janitor" is not controlling in this case. There are "Janitors" who should not be classified as "laborers whose occupation requires no special skill or fitness." Many so-called "Janitors" are really "Custodians" or "Superintendents" of buildings, who, because of their work, many times are able or required to qualify as engineers, electricians, painters, carpenters, plumbers,

and/or the like. Many of them do little or no work with their hands. They act more as superintendents and supervisors of work done by others. Such persons should not be classified as common or unskilled laborers.

In this case, Mr. Tillman was not employed in the capacity of custodian or superintendent. A custodian was specifically appointed at the same time appellee was appointed. The record shows no authority in Mr. Tillman to act as such. He was appointed only as a janitor in the City Hall building. He served faithfully in that capacity for many years, each day doing his regular routine janitor work. The following is, in substance, his own statement as shown by the record, of the work which he performed:

"I come here about 4 o'clock every morning. The first thing I straighten the Mayor's office, cleaning in the Mayor's office. I have to have it perfect, and I go from the Mayor's office to the Clerk's office to the Legal Department, and from there to the Council Chamber here, and when I get through, between 8:00 and 8:30, I make a cup of coffee and come back and wash and polish furniture and so on. I like that. Maybe a chair or so has to be fixed up, a round is out or something like that. Maybe wash the walls, lamp shades, globes, something to do like that every day. If a chair squeaks, I help fix it, if the custodian calls me. If a curtain is down, I help fix it. If the custodian is not here, I do things like that myself. I have to be here Sundays. Every fifth Sunday, I take a day off. We are here whenever the custodian calls us. For instance:—If it is snowing and quits, we come back and clean the snow off the walk."

From the foregoing, it appears to this court that the duties of Mr. Tillman as janitor come clearly within the classification of "laborers whose occupation requires no special skill or fitness," as set out in said Code section 5694, by the terms of which he was exempt from the benefits and protection of the civil service system in cities under the commission form of government.

■ It is further contended that Mr. Tillman was entitled to retain his position because he had rendered long and efficient service, on account of which it is claimed that he was protected by the provisions of Code section 5695, which reads:

"Persons now holding positions for which they have heretofore been appointed or employed after competitive examination, or who

have rendered long and efficient service, shall retain their positions without further examination, but may be removed for cause."

This section simply means that the two classes of employees therein referred to, to wit: First, those who, after having taken civil service examination as provided by law, have been appointed by the city; second, those who "have rendered long and efficient service" shall retain their positions without further civil service examination, but that they may be removed for cause.

It is the opinion of this court that said section 5695 is a protection only to such employees of cities as come within the provisions of the civil service system, provided for in chapter 289 of the 1931 Code, and that, inasmuch as we find that said Tillman was a "laborer whose occupation required no special skill or fitness" and therefore does not come within the provisions of the civil service system, we hold that he was not protected under the facts and circumstances in this case, by said Code section 5695.

This court recently held in the case of Walling v. Civil Service Commission, 214 Iowa 1156, 243 N. W. 178, 179, that said section 5695 is not, "strictly speaking, under the civil service". As before found, in this opinion, the appellant is not under the civil service because he is of the class of laborers expressly excluded by the civil service statute. Likewise the appellant is not protected by section 5695, above mentioned, because under the pleadings and facts of this case he has not brought himself thereunder.

Wherefore, we find that the appellant civil service commission had no jurisdiction to entertain the appeal of Mr. Tillman, and, in so far as the court so held, the writ is sustained. Nothing said herein shall be held to adjudicate any right of the claimants to the position.

The judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.

STEVENS, J., concurs in the result.