In the Matter of the Application of Rocco J. PAPE, Petitioner, for an Order against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission of the City of New York, and JOHN J. McELLIGOTT, as Commissioner of the Fire Department of the City of New York, Respondents.

Supreme Court, Special Term, New York County, March 24, 1941.

*Andrew V. Galway*, for the petitioner.

*William C. Chanler, Corporation Counsel [George G. Gallantz* of counsel], for the respondents.

EDER, J. Proceeding under article 78 of the Civil Practice Act to review action of the respondents, the municipal civil service commission of the city of New York, and the fire commissioner.

The petitioner, on December 14, 1937, was appointed to the position of fireman, and was dismissed from the department on November 15, 1940. In May, 1937, he had been certified by the commission for appointment to the position of patrolman in the police department after successfully passing the 1934 exami-

nation for that position. He was certified for the position of fireman from the patrolmen's list which the commission declared appropriate for the position of fireman. The commission in November, 1940, revoked his certification for the position of fireman upon the claim that when he was so certified he was not entitled to be certified, because of his alleged violation of subdivisions 6 and 7 (a) of section VI of its regulation III, to the effect that if on any test paper there appears the candidate's name or any identifying mark such paper shall be refused and shall not be rated; that petitioner's paper contained identifying marks in the form of vertical crosses on the letter " t " and a circle on the reverse side of his papers encircling the words " 1 sheet," " two sheets," etc.

As authority for acting as it did reliance is placed by the commission on paragraph 3 of section VII of its rule V, reading: " If a person who is not entitled to be certified is certified, such certification shall be revoked by notification to the appointing officer."

Briefly, the action of the commission, culminating in its revocation of petitioner's certification for appointment, resulted from an investigation made by the city commissioner of investigation with respect to the 1934 patrolman's examination concerning a conspiracy that had been formed to employ " code " marks with the purpose of identifying candidates to the examiner who was to rate the papers so they would be given a sufficiently high rating on the test to assure them of a favorable position on the eligible list. The city commissioner of investigation in the course of his inquiry examined the petitioner, who denied any knowledge of or participation in the conspiracy or the use of the mentioned symbols with any prearranged intent; he asserted, and it is not denied, that since his appointment to the force that in making entries of an official character an examination of such records will disclose that he has similarly crossed the letter " t " as on his examination papers, and that with regard to the use of the circle on the reverse side of his papers, he alleges, and it is not denied, that this was done at the instruction of the monitor of the commission, who collected the examination papers from him in the examination room on the date of the test. Investigations were conducted, and petitioner examined, by the city commissioner of accounts, the city commissioner of investigation, by the commission itself and by the district attorney of New York county. At no time was petitioner charged with having used any signals or codes in competing in the examination. The respondents concede that petitioner passed the examination on merit alone. The petitioner appears to have an unblemished record; while a member of the fire department he was commended for conscientious performance

of duty. The action herein of the commission has taken place three and a half years after his certification and three years after his appointment.

The position of the commission is, in substance, that even though no fraud against the petitioner has been shown, even though he was not involved in the conspiracy and even though he passed the examination on merit alone, all this may be discarded because under the regulations governing the examination petitioner would not have been entitled to have his paper rated if the alleged violation had been discovered in time and that lapse of time cannot operate to give petitioner " immunity " from this penalty and that the commission could determine, in its discretion, to revoke his certification and cause the termination of his city service.

As I view the matter the questions involved are whether the action of the commission is predicated on sufficient evidence to warrant the revocation and whether it had the power to reconsider and revoke petitioner's certification at the time that it did.

It is well established that the power of the commission to act is not of unlimited scope, and when it establishes an eligible list, after due deliberation, its action is generally considered as one of finality; yet it is held that its authority thereon does not wholly cease and if it erroneously certifies names therefrom for appointment, the error may be corrected by setting it aside if it was the result of (1) illegality; (2) irregularity in vital matters; or (3) fraud (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252, 258, 259); and so where one is certified who is ineligible for appointment, *ab initio* (*Matter of Katz* v. *Goldwater*, 260 App. Div. 495); or obtains a certificate of appointment by fraud (*People ex rel. Krushinsky* v. *Martin*, 91 Hun, 425); or who has not passed a required civil service examination (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513; *Peck* v. *Belknap*, 130 id. 394, 399), the commission possesses the power to revoke its certification even after the party appointed has attained the status of permanent appointee. (Cases *supra.*) The rationale behind the rule of decision in these cases is simply this, that the person certified really never was appointed as a matter of law because he was never eligible, and never having been legally appointed such appointment is void *ab initio* and confers no rights upon the appointee. But in the absence of any of these grounds the powers of the commission do not extend beyond the stage of certification of an eligible from an existing list.

There was no evidence before the commission of the existence of the above-mentioned grounds. The record discloses that the circles were placed upon the reverse side of petitioner's papers at the direction of the commission's monitor, its own representative,

a fact not disputed, and the commission cannot in justice be permitted to charge this to be a violation of its regulation by the petitioner. I think that even if it was a violation, the commission is estopped, in the circumstances, from claiming it to be a violation of the regulations.

As to the crossing of the letter " t " in the manner mentioned, this was not a violation of the regulation unless it was done with a prearranged intent, as a " code " symbol, in pursuance of the conspiracy, and the uncontradicted proof in the record is that petitioner was not a party to such a scheme, and that he never knew of it and never in any manner participated therein. However much the commission might be disposed to suspect it was intended as an " identifying " mark, unless there is evidence that such was the case there is no basis for such conclusion and unless it is of that nature it is not a violation of the regulation.

Regardless of how laudable the motives of the commission may have been in endeavoring to keep competitive examinations free of fraud or intrigue — and they were indeed commendable — it must, nonetheless, act in conformity with law; there can be no condonative departure from this cardinal principle if permanency and security of appointment under civil service law are to be maintained. The record before me does not establish, in my opinion, any legal basis for the conclusion and action of the commission. For the foregoing reasons it is my judgment that the action of the commission is illegal and must be annulled and it is so adjudged.

The application is granted. Settle order.