MICHAEL J. SASTOKAS, PROSECUTOR, v. BOROUGH OF FREEHOLD IN THE COUNTY OF MONMOUTH, DEFENDANT.

Submitted May 7, 1946—Decided June 3, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the prosecutor, *Roberts, Pillsbury, Carton & Sorenson* (*Lawrence A. Carton, Jr.,* of counsel).

For the defendant, *McDermott & Finegold* (*James D. Carpenter, Jr.,* of counsel).

The opinion of the court was delivered by

OLIPHANT, J.  Prosecutor, by resolution passed at a regular meeting of the mayor and council of the Borough of Freehold, on November 20th, 1944, was appointed "to the regular police force for a six months' probationary period beginning December 1st, 1944." No other action was taken by the borough authorities until January 21st, 1946, when the appointment was revoked and his employment terminated as of February 1st, 1946. During all that time he performed the duties of

a member of the police force and received his salary of $1,800 per year as specified in the resolution.

An ordinance of the borough approved January 16th, 1922, amended December 7th, 1942, provided as follows:

"The aforesaid police shall be appointed by the Mayor upon the recommendation of the police committee, with the approval of the Council, and shall hold office during good behavior, efficiency and residence in the Borough, provided however, that each policeman shall be *first employed for a term of at least six months so that his fitness for the duties he is to perform may be* determined before he is permanently attached to the Police Department. These periods of employment shall be deemed 'probationary periods', and the policemen so employed shall be deemed 'probationers' and they may be dropped from the rolls or discharged at any time during such probationary period; or upon the *recommendation of the Police Committee,* may be permanently attached to the Police Department by the Mayor with the approval of the Council."

While much testimony is contained in the depositions attached to the return concerning the age of prosecutor, his qualifications for the job and the fact that an emergency had existed at the time of his appointment and occupancy of the position the fundamental questions are, did he become a permanent member of the police force at the end of his probationary term, the appointing authorities having failed to take any action during that time and consequently did he attain a tenure status which prevented his removal except for cause and pursuant to the provisions of *R. S.* 40:47–5/6 and *R. S.* 40:47–60/61, the latter by reason of his being an exempt fireman?

The statute *R. S.* 40:47–1 gives general powers to a municipality to, by ordinance, establish rules and regulations for the appointment, terms and removal of members of its police department but such must be within statutory limitations. The only provision for the appointment of other than permanent members of the police force is that empowering the governing body "to employ officers or men temporarily in case of emergency, or for parts of years, where their services are not needed throughout the entire year, and discharge them

at the expiration of such temporary employment." *R. S.* 40:47–3. Borough authorities have no legal right to make appointments to the regular force for a year or any other limited term. *Travaline* v. *Paulsboro,* 121 *N. J. L.* 453. Nothing in the resolution appointing prosecutor contains any reference to the existence of an emergency or that the appointment was a temporary one because his services would not be needed for an entire year. As a matter of fact a full time officer was needed. Under the resolution the appointment was a probationary one to the regular force to test the appointee's fitness. To say after the expiration of the trial period that an emergency had existed is not enough to defeat the plain words and the intent of the resolution. The case of *Freas* v. *Cape May,* 77 *Id.* 164, is not controlling on the facts. There the court found it was the intention of the parties that prosecutor was not to be appointed to the regular police force but as a part time officer whose services were not needed throughout the entire year. Because he was permitted to continue those services for a longer period did not change the distinct terms of his employment.

Assuming the power to make appointments for a specified probationary term such could not be continued indefinitely, and failure to act on the part of the borough authorities at the end of the probationary period would ripen such appointment into a permanent one. To hold otherwise would be to give municipal authorities power to prevent a policeman appointed to the regular force acquiring a tenure status for as long as they choose and thus avoid the protection accorded him by statute. What cannot be done directly cannot be accomplished by indirection.

Defendant's own ordinance provides that "policemen so employed * * * may be dropped from the rolls or discharged *at any time during such probationary period."* It in itself denies by implication the existence of any right to do so after the expiration of that period.

We conclude that prosecutor was a permanently employed member of the police force, that he had acquired tenure status. that the resolution of removal should be set aside and that he should be reinstated as a member of the force.