HENRY WALLACE GLENN, appellee, v. A. B. CHAMBERS et al., appellants.

No. 47860.

(Reported in 48 N.W.2d 275)

JUNE 5, 1951.

762

John A. Blanchard and Harris M. Coggeshall, both of Des Moines, for appellants.

Howard M. Hall, of Des Moines, for appellee.

GARFIELD, J.—This certiorari action involves the legality of the action of defendant city council of Des Moines, affirmed by defendant civil service commission, in summarily removing plaintiff-Glenn as sanitary inspector in the city's health department for the assigned reason that his appointment violated soldiers' preference rights to the position of one Rank under section 365.10, Codes, 1946, 1950, I.C.A. (Unless otherwise stated all Code references are to these three Codes.)

Only law questions are presented. The facts are not in dispute and consist mainly of matters agreed to upon plaintiff's appeal to the civil service commission as shown by the return to the writ of certiorari.

From April 1, 1948 to October 1, 1949, plaintiff performed the duties of sanitary inspector in the health department of Des Moines. Before that he had done similar work for four years in a state hospital. On August 24, 1949, plaintiff passed the civil service examination for the position of sanitary inspector and was duly certified by the civil service commission as eligible for appointment to that position. The certified list consisted of five names. Plaintiff, only nonveteran of the five, was third on the list. Rank was fifth.

On September 29, 1949, plaintiff and Wickersham, first on the list, were appointed sanitary inspectors by the city commissioner of public safety with the approval of the city council, effective October 1, 1949. There were then two vacancies to be

filled. Rank knew of these appointments and took no action in regard thereto until March 30, 1950, when he filed with the council a petition claiming the job of sanitary inspector in preference to plaintiff under the Soldiers Preference Law, Code chapter 70. As of April 3, 1950, Des Moines changed to the city manager plan of government and new councilmen took office. .

Plaintiff performed the duties of sanitary inspector under his appointment from October 1, 1949 to April 10, 1950, when the new council without notice discharged him as a civil service employee for the assigned reason that his appointment violated the soldiers' preference rights of Rank under Code section 365.10. On April 11 plaintiff was re-employed as a sanitary inspector on a temporary basis by the then city manager. Plaintiff appealed from his discharge to the civil service commission on April 26, 1950. On the same day the city manager notified plaintiff his duties would terminate on May 15. Rank was appointed April 27 to fill the vacancy created by the discharge of plaintiff, effective May 15. Plaintiff also appealed to the civil service commission from his discharge by the city manager.

Following a hearing the civil service commission upheld plaintiff's discharge and dismissed his appeals because when plaintiff was appointed there were veterans on the certified list who were entitled to preference in the appointment. It was conceded plaintiff's services as sanitary inspector were always satisfactory.

On certiorari to the district court (heard principally upon the agreed record made before the civil service commission) it was held plaintiff's removal was illegal and he was entitled to retain his position with pay down to September 9, 1950, date of the decree, since plaintiff had served the six-month probationary period (see Code section 365.8), acquired permanent civil service status, and was not removed for any cause stated in section 365.18. Defendants, mainly the city council and civil service commission and their members, have appealed to us.

Defendants do not contend Rank is entitled to the position in question in preference to plaintiff under the Soldiers Preference Law, Code chapter 70. This is because plaintiff was rated ahead of Rank on the certified list contemplated by section 365.11 and because section 70.1, in chapter 70, gives a preference

to veterans only "over other applicants of no greater qualifications." Defendants claim Rank was and is entitled to preference over plaintiff under section 365.10 (in the Civil Service chapter) which provides that in all appointments under that chapter honorably discharged war veterans "shall be given the preference, if otherwise qualified."

A war veteran is "otherwise qualified" under 365.10 if his name is on the certified list regardless of its position there. Zanfes v. Olson, 232 Iowa 1169, 7 N.W.2d 901; Geyer v. Triplett, 237 Iowa 664, 22 N.W.2d 329, disapproving certain language in Zanfes v. Olson not here applicable. Section 365.10 therefore gave Rank preference over plaintiff although Rank's name was last on the list. We have noted, although we think it unimportant, that Rank's petition to the city council erroneously based his claim to preference upon chapter 70 rather than section 365.10.

Section 365.8 provides that all appointments to civil service positions shall be conditional upon a probation period of not to exceed six months during which the appointee may be removed by the appointing body without right of appeal to the civil service commission. "Continuance in the position after the expiration of such probationary period shall constitute a permanent appointment." Here it will be noted plaintiff served ten days after the probation period expired before he was first removed and Rank did not question plaintiff's appointment until the next to the last day of such period.

The statement just made assumes the probation period commenced, as defendants contend, on October 1 when plaintiff began work under his appointment and not on September 29 when he was appointed. People ex rel. O'Grady v. Low, 74 App. Div. 246, 77 N. Y. Supp. 661, cited by defendants, is perhaps authority for such view. However, an annotation in 131 A. L. R. 383, 387, states that generally the date of appointment to a civil service position marks the commencement of the probation period. There would seem to be good reason for so holding where, as here, the appointee was performing the duties of the position at and long before the time of his appointment. Since plaintiff was not removed until after the probation period in any event we regard it as unimportant whether such period started on October 1 or two days earlier.

Code section 365.18 states that no person holding civil service rights shall be removed, demoted or ·suspended arbitrarily, except as otherwise provided in the chapter, but only "after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform his duties." It is not claimed plaintiff was thus removed nor for any of these specified causes. No statute called to our attention authorizes summary removal after the probation period for such reason as that assigned by defendants—soldiers' preference rights of another to the appointment.

█ While, ordinarily, appointment to a civil service position is final after the probation period has expired, it is generally held the appointment may be set aside irrespective of statute where the appointee had not passed the required civil service examination and was therefore ineligible for appointment or where it was obtained by fraud of the appointee. Decisions cited by defendants are of this type. State ex rel. King v. Harris, Fla., 49 So.2d 803; People ex rel. Hannan v. Board of Health, 153 N. Y. 513, 47 N.E. 785; People ex rel. Lee v. Gleason, 32 App. Div. 357, 53 N. Y. Supp. 7; People ex rel. Krushinsky v. Martin, 91 Hun 425, 36 N. Y. Supp. 851 (fraud); State ex rel. Buchanan v. City of Seattle, 171 Wash. 113, 18 P.2d 3.

In Application of Katz, 260 App. Div. 495, 23 N. Y. S.2d 150, cited by defendants, the appointee had passed the examination but had misstated her age in a sworn document—actually she was two years younger than the minimum age which entitled her to take the examination. The theory of these decisions upon which defendants rely is that statutes providing for removal only after notice and hearing and for cause presuppose a legal appointment, there is no legal appointment where the appointee is ineligible or procures it by fraud, and the appointment therefore confers no rights upon the appointee. See especially People ex rel. Hannan v. Board of Health, supra; Pape v. Kern, 176 Misc. 36, 26 N. Y. S.2d 379, 381. See also 67 C. J. S., Officers, section 61, page 257; 10 Am. Jur., Civil Service, section 11, page 932.

█ A mere irregularity or mistake in making the appointment is ordinarily insufficient basis for setting it aside after the probation period has expired, especially where the appointee was not responsible for the error. See State ex rel. Carstater v. Civil

Service Board, 215 Minn. 515, 10 N.W.2d 422; People ex rel. Finnegan v. McBride; 226 N. Y. 252, 123 N.E. 374; Pape v. Kern, supra, 176 Misc. 36, 26 N. Y. S.2d 379; State ex rel. Byrd v. Sherwood, 140 Ohio St. 173, 42 N.E.2d 889; Kluth v. Andrus, Ohio Com. Pl., 94 N.E.2d 823, 830; Field, Civil Service Law, pages 102, 106.

No authority directly in point has come to our attention. We think the decisions upon which defendants rely are not applicable. We are not disposed to extend the doctrine of those cases to the situation here. This case seems to resemble more nearly the decisions last-cited. On consideration of the authorities as well as upon principle we are inclined to affirm the trial court's holding that plaintiff was illegally removed.

There is no suggestion that plaintiff was guilty of any fraud or other improper conduct or was in any way responsible for any error in his appointment originally. It is of course admitted he passed the required examination and was duly certified as eligible for the appointment he received. After serving the probation period he is told for the first time, in effect, his appointment was void ab initio and conferred no civil service rights upon him. And this conclusion was reached ex parte on the strength of what appears to have been an honest mistake of the appointing authority in not according Rank the preference to which he was entitled.

Until plaintiff was removed, doubtless he, defendant council and the public considered his appointment valid and final subject of course to removal for cause under section 365.18. Rank knew of plaintiff's appointment and raised no question concerning it until at or near the end of the probation period. Under section 365.8 the appointment then became permanent.

As said in State ex rel. Carstater v. Civil Service Board, supra, 215 Minn. 515, 522, 523, 10 N.W.2d 422, 425, a case like this in some ways, "There must come a time when a state employee is entitled to know that his classification and status have been finally determined. * * * relator's status as a permanent employee became final upon the expiration of his probationary period, notwithstanding the fact that it may have been based upon erroneous conclusions of appellants at that time."

Kluth v. Andrus, supra, Ohio Com. Pl., 94 N.E.2d 823, 829, 830, which also resembles the present case, states:

"There is sound reason for the protective features, to the public as employer and to the employee, of the statutes governing the selection of civil servants and their security in their positions after appointment * * *. * * *

"If a point when security attaches were not provided there would, in fact, be no security. The statutes establish a definite policy and say, in effect, that upon appointment * * * all details involved in the process leading to the appointment * * * are left behind and are not to be reopened. * * * there is never certainty that errors have not crept in. If there existed no bar to the claiming of errors no employee would have tenure."

Other authorities which indirectly furnish some support for our decision include Connell v. Robbins, 234 Mass. 491, 125 N.E. 600; Sastokas v. Borough of Freehold, 134 N. J. Law, 305, 47 A.2d 544; People ex rel. Goldschmidt v. Board of Education, 217 N. Y. 470, 112 N.E. 167; annotations 131 A. L. R. 383, 404, 89 A. L. R. 132, 135.

■ Under the circumstances here plaintiff is entitled to review by certiorari the action of defendant council in removing him and of defendant commission in affirming the removal. See Anderson v. Board, 227 Iowa 1164, 1167, 290 N.W. 493, 127 A. L. R. 489, 491; Luke v. Civil Service Comm., 225 Iowa 189, 279 N.W. 443; Ash v. Board, 215 Iowa 908, 247 N.W. 264. See also State ex rel. Rankin v. Peisen, 233 Iowa 865, 868, 10 N.W.2d 645, 647; 67 C. J. S., Officers, section 66e, pages 280 et seq.

■■ Defendants contend the trial court erred in any event in holding plaintiff is entitled to pay from May 16, 1950, when he was discharged by the city manager, to September 9, 1950, date of the decree. Defendants' principal argument at this point is that since Rank performed the duties of the position during this period and was paid therefor, the city should not be compelled to pay twice. The record shows plaintiff received no pay, and that Rank performed the duties of the position, after May 16. However, it is not expressly shown Rank was paid for his work. Nevertheless plaintiff's argument seems to assume Rank was so paid.

Code section 365.27 provides:

"The civil service commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees * * *. * * *

"If the appeal is taken by a * * * discharged employee and reversed, he shall be reinstated as of the date of his * * * discharge, and *shall be entitled to such compensation as the body having jurisdiction may determine.*"

Before the enactment of chapter 156, section 19, Acts of Forty-seventh General Assembly (1937), the part above italicized by us read, "be entitled to compensation for such part of the period while suspended as the commission may determine." See section 5711, Codes 1924 to 1935.

In Luke v. Civil Service Comm., supra, 225 Iowa 189, 197, 198, 279 N.W. 443, a discharged policeman was ordered reinstated by a civil service commission but denied pay for the time of his suspension. Upon review by certiorari we held it was discretionary with the commission to allow or not allow compensation during the period of suspension and we would not interfere with its determination.

In City of Des Moines v. Board, 227 Iowa 66, 73, 287 N.W. 288, 292, a sanitary inspector who had been discharged was reinstated by the civil service commission with pay apparently from the date of the commission's order only. Upon certiorari by the city to review the commission's order we said, "* * * the question of compensation was within the discretion of the commission.

"We do not find * * * that the commission exceeded its jurisdiction or proceeded illegally. There is no ground for the interference of this court. * * * Luke v. Civil Service Commission, supra."

We used the language just quoted with reference to what is now section 365.27, then in effect.

In Anderson v. Board, supra, 227 Iowa 1164, 1171, 290 N.W. 493, 496, 127 A. L. R. 489, a policeman's discharge was upheld by the civil service commission but reversed by the district court on certiorari "with pay from the date of discharge."

We affirmed the trial court but apparently no question was raised as to the right to pay since our opinion gives it no attention.

It is plain that ordinarily where a discharged civil service employee is reinstated the matter of his pay during the period of discharge is in the first instance for "the body having jurisdiction"—in this case the city council—and the civil service commission. Here neither council nor commission has passed on that question. Both considered only the matter of plaintiff's discharge. Like the trial court, we have held the discharge was illegal and plaintiff should be reinstated. Presumably he will be reinstated upon issuance of procedendo.

Perhaps we might properly decline at this time to consider further plaintiff's right to pay for the period since his discharge and without further discussion leave that matter, in the first instance, for the determination of the council and commission. See as having some bearing Bankers Life and Casualty Co. v. Alexander, 242 Iowa 364, 377 to 380, 45 N.W.2d 258, 266, 267, and citations. However, in the trial court it was stipulated that at all times after May 15, 1950, plaintiff tendered his services to the city, his salary was $210 per month, nothing had been paid him after May 16 while Rank was performing the duties of the position. This stipulation may be explained only on the theory both sides were voluntarily litigating before the district court plaintiff's right to pay after his discharge.

For this reason and because the question is argued here by both sides we deem it proper to express our views as to the effect upon plaintiff's right to compensation of payment to Rank, if in fact (as the parties seem to assume) Rank was paid for performing the duties of the position after plaintiff's discharge. This may save the delay and expense of another appeal to the courts and serve as a guide to city councils and civil service commissions in this and like matters.

Brown v. Tama County, 122 Iowa 745, 98 N.W. 562, 101 Am. St. Rep. 296, after careful consideration holds that where a county pays the salary to a de facto officer during his incumbency, the rightful officer upon obtaining possession of the office cannot recover from the county the salary for the same period— the public should not be compelled to pay twice for the same service.

Harding v. City of Des Moines, 193 Iowa 885, 890, 891, 188 N.W. 135, 138, applies the rule of Brown v. Tama County, supra, to two policemen wrongfully discharged by a civil service commission upon complaint of the chief of police, even though "no particular appointees could be singled out as the successors of appellees, as de facto' officers supplanting appellees while appellees were suspended * * *."

McClinton v. Melson, 232 Iowa 543, 548, 4 N.W.2d 247, 249, overruling, in part, Dickey v. King, 220 Iowa 1322, 263 N.W. 823, applies the same doctrine where an employee of the state highway commission had been wrongfully removed for a little over three months without notice or hearing in violation of the Soldiers Preference Law (now Code chapter 70). The opinion observes, by way of dictum, "In passing, it might be added that the rule applied in Harding v. Des Moines, supra, insofar as it has application to civil service cases, has been changed by specific legislation. Section 5711, Code, 1939; City of Des Moines v. Board * * *, 227 Iowa 66, 73, 287 N.W. 288."

It is true Harding v. City of Des Moines, supra, was decided before 1924 when what became section 5711, Codes 1924 to 1935, was enacted. As previously explained, this statute made it discretionary with the civil service commission to allow or not allow compensation during the period of suspension. Luke v. Civil Service Comm., supra, 225 Iowa 189, 197, 198, 279 N.W. 443; City of Des Moines v. Board, supra. Certainly there is nothing in this statute nor its successor, the present section 365.27 (quoted from above), which *compels* either a city council or civil service commission in such a controversy as this to ignore the rule of Brown v. Tama County, supra, 122 Iowa 745, 98 N.W. 562, 101 Am. St. Rep. 296, and the decisions which have followed it.

We think Brown v. Tama County, Harding v. City of Des Moines, and McClinton v. Melson, all supra, have application to such a controversy as this. They express the general rule and accord with the decided weight of authority. See annotations 55 A. L. R. 997, 998, 163 A. L. R. 760, 761; 67 C. J. S., Officers, section 99b, page 361; 10 Am. Jur., Civil Service, section 17; 43 Am. Jur., Public Officers, section 384, page 166, where reasons for the rule are clearly stated.

It is generally held that payment of salary to a de facto incumbent must be in good faith in order to constitute a defense to the rightful holder's claim. See authorities last above, also 43 Am. Jur., Public Officers, section 385. Here there is no evidence of bad faith on the part of defendant council or commission. Further, it usually must appear that the de facto incumbent was definitely appointed to the position in place of the rightful holder and that he was not merely one of several men employed to do the same kind of work. Olson v. City of Superior, 240 Wis. 108, 2 N.W.2d 718, and citations; 67 C. J. S., Officers, section 99b, page 361. As stated, it is stipulated here that Rank was appointed to fill the vacancy created by plaintiff's discharge.

No opinion is expressed as to whether payment to Rank during pendency of the appeal to this court from the trial court's decree would constitute a defense to a claim by plaintiff for salary during such period. That question is not presented.

The decree is affirmed except insofar as it holds plaintiff is entitled to pay from and after the date of his discharge. We do not decide that question because Code section 365.27 and our opinions heretofore cited contemplate the decision in the first instance rests with defendants council and commission and also because payment to Rank does not definitely appear. Plaintiff's right to pay during the period of his removal is left open for future determination in harmony with the views herein expressed.—Affirmed in part and reversed in part.

All JUSTICES concur.